## DIZE v. MADDRIX.
### No. 5240.
Circuit Court of Appeals, Fourth Circuit.

Aug. 1, 1944.

Certiorari Granted Nov. 13, 1944.

See 65 S.Ct. 135.

Harry Leeward Katz and Hyman Ginsberg, both of Baltimore, Md. (Ginsberg & Ginsberg, of Baltimore, Md., on the brief), for appellant.

Eugene A. Alexander, III, of Baltimore, Md. (Paul Berman, of Baltimore, Md., on the brief), for appellee.

Before PARKER, DOBIE, and NORTHCOTT, Circuit Judges.

DOBIE, Circuit Judge.

Lake Maddrix (hereinafter called Maddrix) brought a civil action in the United States District Court for the District of Maryland against L. Elwood Dize, trading as Dize Box Company, (hereinafter called Dize) to recover unpaid overtime compensation, liquidated damages and a reasonable attorney's fee under the Fair Labor Standards Act (hereinafter called the Act), 29 U.S.C.A. § 201 et seq. The District Court, sitting without a jury, entered judgment in favor of Maddrix and against Dize for the sum of $1,052.10, plus an attorney's fee of $75. Dize has duly appealed to us.

Dize contends that he was not engaged in the production of goods for shipment in interstate commerce so as to bring him within the purview of the Act. True it is that the boxes and barrels made by Dize were sold locally to packers and shippers of crabmeat and oysters. But, as Dize well knew, a great majority of the boxes and barrels made and sold by him were used by these packers and shippers for shipments in interstate commerce. This case is practically on all fours with Enterprise Box Co.

v. Fleming, 5 Cir., 125 F.2d 897, certiorari denied Enterprise Box Co. v. Holland, 316 U.S. 704, 62 S.Ct. 1312, 86 L.Ed. 1772. There, too, the boxes were made and sold locally to manufacturers of cigars in Florida, but, again, the vast majority of boxes, to the knowledge of the boxmaker, were used for the shipment of cigars in interstate commerce. We think it is unnecessary to add to the able opinion of Circuit Judge Holmes in that case, holding that the maker of the cigar boxes was subject to the Act.

 Nor are we impressed by the contention of Dize that he falls within the exemption set out in § 213(a) (5) of the Act. This section excludes those engaged in catching, taking, harvesting, etc., of fish, sponges or other forms of animal and vegetable life, including the loading or packing of these products for shipment. Clearly Dize was engaged in no such endeavors. As well might we exempt a manufacturer of rubber boots shipped in interstate commerce to fishermen.

 Dize tendered to Maddrix the sum of $500, which Maddrix accepted and Maddrix signed a comprehensive release, covering all of his claims against Dize. The District Judge properly found that both parties knew that more than $500 was due. Accordingly, it is clear that such a release is not a legitimate defense to the proper claim of Maddrix under the Act. Guess v. Montague, 4 Cir., 140 F.2d 500. Nor does the subsequent tender by Dize to Maddrix of the sum claimed by Maddrix defeat the claim of Maddrix for liquidated damages under the Act, when Maddrix, after he had made a demand on Dize for liquidated damages, flatly refused this tender.

 Dize attempts to make much of the confused bookkeeping as to the number of hours actually worked by Maddrix, and the fact that Maddrix was Dize's bookkeeper. There was, however, substantial evidence to support the finding of the District Judge as to the number of hours worked by Maddrix, and the amount due to him under the Act, and certainly this finding is not clearly erroneous. Federal Rules of Civil Procedure, Rule 52(a), 28 U.S.C.A. following section 723c. It is accordingly binding on us.

We agree with the District Judge that the whole conduct of Maddrix in the premises rather shocks our sense of fair play. But under the Act, and under our decision in Guess v. Montague, supra, a judgment in favor of Maddrix seems unavoidable. There is nothing that we can do but enforce the law as Congress has written it.

The judgment of the District Court is affirmed.

Affirmed.