## ALLEGRINI et al. v. DE ANGELIS et al.
### Civil Action No. 3544.

District Court, E. D. Pennsylvania.

Dec. 12, 1944.

Judgment Affirmed June 15, 1945.

Vincent C. Veldorale, of Philadelphia, Pa., for plaintiffs.

William Steell Jackson, of Philadelphia, Pa., for defendants.

WELSH, District Judge.

Both parties to this action are manufacturers of art objects made from plaster, and are engaged in business in Philadelphia. The plaintiffs, as owner of two copyrights on designs of miniature religious shrines, have alleged infringement thereof by the defendants and demand an injunction and damages. The case differs somewhat from the usual copyright infringement in that the chief features of the designs in question consist of the statue

250

of a religious saint and symbols having important significance to the communicants of the Roman Catholic faith. A proper determination of the issues involves an appreciation of the inspiration for the respective designs and the methods of adapting the symbols.

It is a matter of common knowledge, of which we may take judicial notice, that shrines have been established in many parts of the world by various Roman Catholic churches and orders. They are visited by great numbers of the faithful who desire small shrines, models or other facsimiles of the shrines which they have visited. Such articles are frequently especially blessed and by reason thereof have an additional religious importance to the owners.

One such shrine, known as Mary's Central Shrine, is appurtenant to the Immaculate Conception Chapel in Germantown and is in itself a well-known work of art. The central figure of the shrine is that of Mary, also referred to as the "Mother of Grace", "Our Lady of the Miraculous Medal", and the "Madonna of the Medal", flanked on both sides by relief models of the Miraculous Medal, and inscribed above with the words, "O Mary, conceived without sin, pray for us who have recourse to thee". The shrine, with its component symbols, is a famous place of religious supplication, widely known, well attended, and having a special significance to many thousands of devout Christians.

The plaintiffs' copyright No. 21820 describes their design as the "Shrine of the Miraculous Medal with the statue of the Mother of Grace with a medal on each side of the shrine with a votive light in front." Copyright No. 23867 is of "The Light of the World. A shrine with a statue of Christ with a lantern in one hand and standing on top of steps, with two candles in front". It is alleged in the complaint filed that the defendants have infringed upon those copyrights by manufacturing and selling a shrine or group copied exactly, or very nearly, from the plaintiffs' copyrighted designs and arrangements.

There appears to be no doubt that the inspiration for the shrines in question is Mary's Central Shrine, inasmuch as the designs of both parties are composed of the figure of Mary as the central motif, flanked by the Miraculous Medal and inscribed with the same words. By reason of such resemblance a finding of infringement may not be assumed, because the principal elements of both designs are taken from a common source. The single issue, therefore, is as to whether the defendants' design is an infringement of the plaintiffs' copyright such as to require the granting of injunctive relief and the award of damages. The plaintiffs maintain the position that the copyright, being of a miniature shrine containing the figure, symbols and words described, is a single artistic composition and entitled, in its entirety, to the full protection of the copyright laws. The defendants contend, in addition to their denial of copying, that the central figure and symbols are artistic works now in the public domain, and that such religious emblems are not copyrightable. The exact questions do not appear to have been passed upon by the decided cases and we must be guided largely by the established principles of copyright law and the impressions obtained from an examination of the respective designs, both in their entirety and in their component parts.

The copyright laws protect not only the original works, but also reproductions of works in the public domain in different adaptations, arrangements or mediums of expression, and such protection extends to the old and the new matter in combination. This is on the theory that the original work plus the new matter constitutes a new work. A new and original plan, arrangement or combination of existing materials is sufficiently original to come within the copyright protection. Hoffman v. LeTraunik, D.C., 209 F. 375.

Upon this principle we find that the copyright of the plaintiffs' design is valid to the extent of the new features originated by the plaintiffs and the combination or arrangement of such new features with the original work. We do not believe, however, that a copyright of the idea of a shrine, of the particular shrine which inspired the plaintiffs' design, or of the figures, symbols and words comprising it, can be the objects of copyright protection. Such copyright does not confer upon the owner a monopoly in the intellectual conception which it expresses. The copyright owner cannot acquire such an exclusive right to the conception expressed in his work as to preclude others from availing themselves of any part of the general contribution of prior artistic production.

Johnson v. Donaldson, C.C.N.Y., 3 F. 22-24. If the same idea can be expressed in different manners, the existence of a similarity of composition will not constitute an infringement. Dymow v. Bolton, 2 Cir., 11 F.2d 690.

The figure of Mary, The Miraculous Medal, and the inscription, all placed within a shrine, are the important features of the original work and also of the plaintiffs' design. Those elements or features, and the combination of them, have long been in uninterrupted use as part of the Roman Catholic worship. To that extent they must be deemed of universal ecclesiastical significance, and the common property of a great body of the general public by dedication. The plaintiffs do not, nor could they, demand exclusive rights to those elements or their combination in their copyrighted design. We therefore find that the arch comprising Mary's Central Shrine and the figures, symbols and inscriptions thereof are within the public domain and that the exclusive use of such symbols by the plaintiffs is not granted to them by the copyrights.

It remains to be determined then, whether the new matters or designs combined with the original art and symbols have been infringed upon by the defendants' shrine, which also includes original art and the same symbols. In other words, is the defendants' combination of the new matter with the original features a copy, or nearly a copy, of the plaintiffs' new matter as combined with the same original elements?

A copy is deemed to be that which ordinary observation would cause to be recognized as having been taken from another work or the reproduction of another work. The common understanding is that it is a reproduction or duplication of a thing previously in existence. White-Smith Co. v. Apollo Co., 209 U.S. 1, 28 S.Ct. 319, 52 L.Ed. 655, 14 Ann.Cas. 628. The question of artistic merit or value has no bearing upon the rights of the parties.

An examination of the two designs gives the clear impression that they are both of the same shrine, that the figures are of the same character, and that the medals and inscriptions are identical. But, in order to grant the relief sought by the plaintiffs, the resemblance must be such as fairly to lead to the conclusion that one is substantially a copy of the other or mainly borrowed from it. Vernon v. Shubert, Inc., D.C., 220 F. 694. We have said, however, that the figures and symbols involved, or their combination into one composition consisting of a shrine, are not copyrightable because they are in the public domain, and the infringement, if any, must be of the other elements entering into the plaintiffs' composite design.

Extensive testimony was given of the technical differences between the plaintiffs' and the defendants' designs of the shrine as distinguished from the figures, symbols and inscription. The court must determine whether or not the fact of infringement is proven, and the opinion of experts, although helpful, may not be substituted for the court's judgment. Encyclopedia Britannica Co. v. American Newspaper Association, C.C.N.J., 130 F. 460; West Publishing Co. v. Edward Thompson Co., C.C.N.Y., 169 F. 833. An inspection of the two designs will readily serve to distinguish them. Although they are of the same general shape, they appear to be different in every detail, especially in the position of the medals and inscription, the architectural form of the arch and pilasters, in that the plaintiff's design has a single central candle receptacle while the defendants' provides for two candles on the side and steps leading up to the central figure. The designs differ in nearly all of the details of decoration. The plaintiffs' contention that the defendants' design is an infringement of its copyright No. 21820 by reason of the alleged similarity of design, and their contention that it is an infringement of copyright No. 23867 in that it includes steps leading up to the central figure and two candle receptacles are negatived by the general impression obtained from the examination of the designs in question. The existence of such infringement is dependent upon the question whether the ordinary reasonable person would fail to differentiate between the two works or would consider them dissimilar by reasonable observation. Hein v. Harris, C.C.N.Y., 175 F. 875.

We can find little, if any, similarity between the two designs, and having excluded the principal features and their combination as a religious shrine, we are bound to find that there has been no copying and, therefore, no infringement of the plaintiffs' copyrights. Copying, in order to con-

stitute an infringement must be recognizable by ordinary observation, Dymow v. Bolton, supra.

We, therefore, conclude that the plaintiffs have failed to establish a proprietary interest in the religious symbols comprising its shrine, that by reason of the dissimilarity between the plaintiffs' combination of original art and the religious features now in the public domain, and the defendants' combination of such art and features, the plaintiffs have failed to prove that the defendants have copied, duplicated or infringed upon the plaintiffs' copyrighted designs.

The complaint is, therefore, dismissed with costs to be taxed by the Clerk.