## MADDRIX v. DIZE.
### Civil Action No. 2085.

District Court, D. Maryland.

July 16, 1945.

Paul Berman, of Baltimore, Md., for plaintiff.

Harry Leeward Katz and Ginsberg & Ginsberg, all of Baltimore, Md., for defendant.

WILLIAM C. COLEMAN, District Judge.

This is a suit under the Fair Labor Standards Act, 29 U.S.C.A. §§ 201–219, and

the sole question now before the Court relates to the allowance to plaintiff's attorney of an additional fee for services.

Plaintiff's attorney was originally allowed a fee of $75 by this Court at the time this case was heard on the merits. He is now claiming an additional fee of $2500 as compensation for legal services rendered when the case was on appeal to the Circuit Court of Appeals, and before the Supreme Court of the United States. The defendant has moved for dismissal of this claim, alleging that this Court is without jurisdiction at this time to make any further allowance to plaintiff's attorney, since the original judgment entered by this Court has been affirmed without modification by both the Circuit Court of Appeals and the Supreme Court.

The chronological facts relative to the various steps in this litigation are as follows: On February 1, 1944, after a hearing on the merits, this Court rendered judgment in plaintiff's favor for $1052.10, and included in this judgment an additional allowance of $75 as a fee to plaintiff's attorney for services to date, in accordance with the provisions of Section 16 (b) of the Fair Labor Standards Act, 29 U.S.C.A. § 216 (b), which provides that "The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." No claim for, or mention of compensation for possible future legal services was made. This judgment was affirmed August 1, 1944, by the Circuit Court of Appeals, Dize v. Maddrix, 4 Cir., 144 F.2d 584. Thereafter, on November 13, 1944, the Supreme Court granted the defendant a writ of certiorari. 65 S.Ct. 135. The case was duly heard before that Court; on April 9, 1945, it affirmed the action of the Circuit Court of Appeals, Dize v. Maddrix, 324 U.S. 697, 65 S.Ct. 895, and on the first day of June, 1945, its mandate issued, the relevant part of which reads as follows: "Ordered and adjudged by this Court that the judgment of the said United States Circuit Court of Appeals in this cause be, and the same is hereby affirmed with costs. And it is further ordered, That this cause be and the same is hereby, remanded to the District Court of the United States for the District of Maryland. You, therefore, are hereby commanded that such proceedings be had in said cause, as according to right and justice, and the laws of the United States,

ought to be had, the said writ of certiorari notwithstanding."

Summarized, the attorney's contention is that since his legal services in connection with the two appeals in this case, i.e., one to the Circuit Court of Appeals and one to the Supreme Court, had of course not been rendered at the time the case was heard by this Court and its judgment entered, this Court has implied if not express power, by reasonable interpretation of the language of Section 16 of the Fair Labor Standards Act, just quoted, to enter a supplemental judgment for an additional fee for these subsequent services, upon being satisfied that such a fee has been earned. On the other hand, defendant's contention is that because of the character of this Court's judgment as originally entered; because of the fact that it has been affirmed without modification or reopening by both the Circuit Court of Appeals and the Supreme Court, and the fact that the plaintiff did not raise the question of an additional attorney's fee either when the case was before this Court, or before either one of the appellate tribunals, as he might have done, he is without remedy in this Court.

██ We believe that defendant's contention is sound and therefore deem it unnecessary to consider what might be a reasonable additional fee, were this Court permitted or required to make any additional allowance to plaintiff's attorney. We must strictly follow the mandate. It is controlling as to all matters within its compass, although on a remand a lower court is free as to other issues. We believe that the matter of fees in the present case was within the compass of both mandates. See Kansas City So. Ry. v. Guardian Trust Co., 281 U.S. 1, 50 S.Ct. 194, 74 L.Ed. 659; Sprague v. Ticonic Bank, 307 U.S. 161, 59 S.Ct. 777, 83 L.Ed. 1184; Hazel-Atlas Co. v. Hartford Co., 322 U.S. 238, 64 S.Ct. 997, 88 L.Ed. 1250. Nor do the Rules of Civil Procedure, Rule 60 (a), (b), 28 U.S. C.A. following section 723c, authorizing the District Courts to relieve from a judgment taken through mistake, inadvertence, surprise, or excusable neglect give this Court power to alter or amend such a judgment as the present one, after its affirmance by the Circuit Court of Appeals and the Supreme Court. See Home Indemnity Co. of New York v. O'Brien, 6 Cir., 112 F.2d 387.

██ It is true that Section 16 of the Act provides that a reasonable attorney's

fee *shall* be awarded the plaintiff, "in addition to any judgment awarded" him. But we do not interpret this as requiring this Court to enter a separate judgment for a fee *after* final judgment on the merits has been entered by this Court, including an attorney's fee for services up to that time, when no claim for such further allowance has ever heretofore been made during any phase of the litigation, and when this Court's judgment has been affirmed without modification. Furthermore, we do not believe that the last clause of the Supreme Court's mandate to this Court, which we have quoted herein, commanding "that such proceedings be had in said cause, as according to right and justice, and the laws of the United States, ought to be had, the said writ of certiorari notwithstanding," is intended to authorize a material alteration of the judgment as affirmed, which would result were the attorney's contention to prevail. This language is rather a "catch-all" clause, to cover questions of costs, for example, which it is to be noted are treated as separate from attorney's fees by the express phraseology of Section 16 of the Act.

Plaintiff's attorney has submitted no authorities in support of his contention, nor are we aware of any. Such expressions as we have found in the cases in other jurisdictions involving questions which may be said to be related to the precise question before us, would seem to support our conclusion. For example, in Johnson v. Dierks Lumber & Coal Co., 5 Cir., 130 F.2d 115, at page 120, we find the following: "Complaint is made also of the allowance of an attorney's fee of only $100 for plaintiffs' attorneys. *Since the case must be tried again, that part of the judgment fixing such fee should be vacated and the allowance or disallowance of an attorney's fee should be determined at the conclusion of the trial.*" (Italics inserted.) In Sykes v. Lochmann, 156 Kan. 223, 132 P. 2d 620, a decision of the Supreme Court of Kansas in which certiorari by the Supreme Court was denied (319 U.S. 753, 63 S.Ct. 1165, 87 L.Ed. 1707), it was said (132 P. 2d at page 624): "From the record before us it appears the court rendered judgment for a specific amount in favor of each plaintiff *and gave judgment against defendant for attorney's fees in the sum of $2,-000, with an additional amount if appeal was taken.*" (Italics inserted.)

What we have here said is, of course, without prejudice to such right as

plaintiff's attorney may have to apply to the Circuit Court of Appeals or to the Supreme Court for such modification of their action, or of their respective mandates, as might permit consideration of his claim by them, or by this Court upon appropriate direction from one or the other of the appellate courts. However, in the absence of the aforegoing, we conclude that we are without authority to entertain the present petition. Accordingly, an order will be signed granting defendant's motion for dismissal.