## MADDRIX et al. v. DIZE.
### Nos. 5439, 5448.

Circuit Court of Appeals, Fourth Circuit.

Jan. 23, 1946.

Simon E. Sobeloff, of Baltimore, Md. (Bernard M. Goldstein and Sigmund Levin, both of Baltimore, Md., on the brief), for appellants.

Hyman Ginsberg and Harry Leeward Katz, both of Baltimore, Md., for appellee.

Before SOPER and DOBIE, Circuit Judges, and GILLIAM, District Judge.

SOPER, Circuit Judge.

### No. 5439.

This appeal presents for determination the right of the attorney of an employee to receive additional compensation for services rendered in a suit under the Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq., after judgment in the plaintiff's favor in the District Court. The additional services were rendered upon an appeal by the defendant to this court and upon the transfer of the case by writ of certiorari to the Supreme Court where the judgment of the District Court was affirmed. The history of the case is summarized in

the opinion of the District Court as follows [61 F.Supp. 946, 947]:

"The chronological facts relative to the various steps in this litigation are as follows: On February 1, 1944, after hearing on the merits, this Court rendered judgment in plaintiff's favor for $1,052.10 and included in this judgment an additional allowance of $75 as a fee to plaintiff's attorney for services to date, in accordance with the provisions of Section 16(b) of the Fair Labor Standards Act, 29 U.S.C.A. § 216(b), which provides that 'The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.' No claim for, or mention of compensation for possible future legal services was made. This judgment was affirmed August 1, 1944, by the Circuit Court of Appeals, Dize v. Maddrix, 4 Cir., 144 F.2d 584. Thereafter, on November 13, 1944, the Supreme Court granted the defendant a writ of certiorari [323 U.S. 702], 65 S.Ct. 135. The case was duly heard before that Court; on April 9th, 1945, it affirmed the action of the Circuit Court of Appeals, Dize v. Maddrix, 324 U.S. 697, 65 S.Ct. 895, and on the first day of June, 1945, its mandate issued, the relevant part of which reads as follows: 'Ordered and adjudged by this Court that the judgment of the said United States Circuit Court of Appeals in this cause be, and the same is hereby affirmed with costs. And it is further ordered, That this cause be and the same is hereby, remanded to the District Court of the United States for the District of Maryland. You, therefore are hereby commanded that such proceedings be had in said cause, as according to right and justice, and the laws of the United States, ought to be had, the said writ of certiorari notwithstanding.'

"Summarized, the attorney's contention is that since his legal services in connection with the two appeals in this case, i. e., one to the Circuit Court of Appeals and one to the Supreme Court, had of course, not been rendered at the time the case was heard by this Court and its judgment entered, this Court has implied if not express power, by reasonable interpretation of the language of Section 16 of the Fair Labor Standards Act, just quoted, to enter a supplemental judgment for an additional fee for these subsequent services, upon being satisfied that such a fee has been earned.

On the other hand, defendant's contention is that because of the character of this Court's judgment as originally entered; because of the fact that it has been affirmed without modification or reopening by both the Circuit Court of Appeals and the Supreme Court, and the fact that the plaintiff did not raise the question of an additional attorney's fee either when the case was before this Court, or before either one of the appellate tribunals, as he might have done, he is without remedy in this Court."

The District Court concluded that it was without power to allow an additional fee because it was obliged strictly to follow the mandate of the Supreme Court as to all matters within its compass, which, in this case, comprehended not only a judgment for the amount of the wages due under the Act and the penalty for non-payment thereof, but also the fee of $75 for services rendered by the plaintiff's attorney at the trial below. The court expressed the belief that the command in the mandate of the Supreme Court that such proceedings be had upon the remand as according to right and justice and the laws of the United States ought to be had did not empower it to allow an additional fee and therefore denied the petition for additional compensation without prejudice to such right as the attorney might have to apply to the Circuit Court of Appeals or to the Supreme Court of the United States for modification of the mandate.

We are urged to affirm this ruling on the grounds set forth in the court's opinion and also upon the ground that the statute does not confer the right to compensation upon the attorney but upon his client who in this case made no application therefor.

We think that the power of the court to allow a reasonable attorney's fee for additional services rendered in the appellate courts was not restricted by the mandate. The purpose of the statute is not open to doubt; not only does it empower the court to render judgment for the amount due the employee for his hours of labor at the statutory rate, and to include in the judgment an equal amount as liquidated damages, but it expressly directs that "the court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." Obviously Congress intended that the wronged employee should receive

his full wages plus the penalty without incurring any expense for legal fees or costs. There is nothing in the Act that limits the compensation to the services rendered by the attorney in the District Court; nor would one expect to find a limitation in the statute that would free a defaulting employer from liability for any part of the services rendered by the attorney in order to secure his client's rights. Likewise there is no provision in the statute such as is found in the Longshoremen's Act, 33 U.S. C.A. § 928, which imposed upon each of the tribunals that passes upon the case the duty to fix the fee to be paid to the claimant's attorney for services rendered therein. The Fair Labor Standards Act directs that the District Court shall allow the fee in addition to the judgment; and while the allowance of an additional fee for appellate work may not be beyond the authority of the appellate court, the Act does not forbid the District Court to award such additional compensation in case the appellate courts have not been asked and have not undertaken to do so. Indeed the ordinary and effective procedure in the allowance of attorney's fees in litigation which proceeds through several courts is to place the responsibility on the trial court where the work begins and ends and the value of the entire service can be best estimated after it has been completed. We think this interpretation serves to effectuate the purposes of the Act.

The provisions of the mandate of the Supreme Court do not interdict the allowance of an additional fee by the District Court; the mandate merely provides that the District Court shall conduct such proceedings as may be required to give effect to the judgment. The allowance of an additional fee does not disturb or enlarge the judgment to which the Supreme Court has given its sanction. The matter of an additional fee was not considered by that court and consequently the present application does not fall within the rule that on a mandate of affirmance from the Supreme Court the District Court has no power to rescind or modify what has been established but can only record the mandate and proceed with the execution of the decree that has been affirmed. See, Durant v. Essex Co., 101 U.S. 555, 25 L.Ed. 961; In re Washington & Georgetown R. Co., 140 U.S. 91, 11 S.Ct. 673, 35 L.Ed. 339; Kansas City So. R. v. Trust Co., 281 U.S. 1, 50 S.Ct. 194, 74 L.Ed. 659; Home Indem-

nity Co. of N. Y. v. O'Brien, 6 Cir., 112 F.2d 387.

In Sprague v. Ticonic Bank, 307 U.S. 161, 168, 59 S.Ct. 777, 781, 83 L.Ed. 1184, the court said: "While a mandate is controlling as to matters within its compass, on the remand a lower court is free as to other issues." In that case a trust had been fixed upon earmarked funds in an insolvent bank for the payment in full of the plaintiff's claim and on appeal the decree had been affirmed. The decision established like rights for other depositors of the bank, and accordingly the litigant made an application to the court for an allowance for counsel fees and it was held that the trial court had the power to make the allowance after the affirmance of its decree and that the right was not lost because it had not been claimed expressly and was not impliedly in issue in the original suit. We think that this ruling fits the pending case. It is true that the judgment affirmed by the Supreme Court included an allowance to the attorney for services rendered in the District Court but it did not recognize the possibility of additional services in appellate courts, nor attempt to estimate the value which such prospective services might have. The present application is outside the scope of the mandate.

There is no merit in the suggestion that the present appeal must fall because the right to the fee does not belong to the attorney but to the client who in this case did not join in the petition for the additional allowance. The Act endows the attorney with a direct interest in the fee and in this instance the client, although not joining in the petition for an additional allowance, joined in the appeal from the adverse order of the District Court. The order of the court must be reversed and the case remanded so that a suitable allowance may be made to the attorney for services rendered upon the appeal to this court and in connection with the application to the Supreme Court for writ of certiorari and upon the consideration of the case by that court.

### No. 5448.

The appeal in this companion case was taken from an order of the District Court whereby the court directed the clerk to enter the judgment rendered in case No. 5439 as above set out fully satisfied and paid and the surety discharged from further liability on its appeal bond upon the

payment by it of the sum of $1,500 to the clerk and the payment by the defendant to the clerk of such additional sum as might be necessary for the payment of the judgment, the interest, the court costs and the counsel fee of $75. The appeal was taken so as to protect the right of appeal in case No. 5439 from the order disallowing an additional attorney's fee. In our opinion, the discharge of the judgment affirmed by the Supreme Court did not affect the attorney's right to apply for and receive additional compensation for his services in the appellate courts, and the judgment in the instant case is therefore affirmed.

No. 5439 reversed.

No. 5448 affirmed.