**ALLEGRINI et al. v. DE ANGELIS et al.**

No. 3544.

District Court, E. D. Pennsylvania.

June 18, 1946.

Vincent C. Veldorale, of Philadelphia, Pa., for plaintiffs.

William Steell Jackson, of Philadelphia, Pa., for defendants.

WELSH, District Judge.

In the original action the plaintiffs alleged infringement by the defendants and demanded an injunction and damages. The case was decided in favor of the defendants, 59 F.Supp. 248, and affirmed on appeal, 149 F.2d 815, and the present motion was filed by the defendants for an award of attorneys' fees and outlays as part of the costs under the Copyright Act, 17 U.S.C.A. § 40. In opposition, the plaintiffs filed a motion requesting the dismissal of the action.

Section 40 of the Copyright Act provides that "full costs shall be allowed, and the court may award to the prevailing party a reasonable attorney's fee as part of the costs." The first argument advanced by the plaintiffs in support of their motion is that the motion by the defendants is not signed by the "prevailing party" as provided for in the Statute but by the attorneys. This is a technical objection, however, and should not be employed to deprive one of a substantive right. Furthermore, the motion for award of attorneys' fees is by the defendants, not by the attorneys in their individual capacity for the motion begins "And now come the defendants, the prevailing party". In disposing of a similar situation in Maddrix, et al. v. Dize, 4 Cir., 153 F.2d 274, 276, the Court said: "There is no merit in the suggestion that the present appeal must fall because the right to the fee does not belong to the attorney but to the client who in this case did not join in the petition for additional allowance. The Act endows the attorney with a direct interest in the fee and in this instance the client, although not joining in

the petition for an additional allowance, joined in the appeal from the adverse order of the District Court."

█ The last paragraph of the opinion filed by me on December 12, 1944, in Pietro Allegrini et al. v. Giovanni De Angelis et al., 59 F.Supp. 248, 252, states that "The complaint is, therefore, dismissed with costs to be taxed by the Clerk." The plaintiffs argue that the foregoing language precludes the defendants from an award of attorneys' fees in view of the fact that an award of an attorney's fee is not taxed by the Clerk; and, further, since the quoted language contains no specific reference to an award of attorneys' fees the Court did not intend to allow such fees. It is true that the Clerk does not award attorneys' fees and it is likewise true that no mention is made of attorneys' fees in the opinion and judgment. However, those facts do not necessarily imply that the Court had disallowed attorneys' fees; the facts signify that attorneys' fees were not mentioned in the opinion and judgment simply because application therefor was not made prior to the rendering of the opinion and the entry of the judgment. Also, acceptance of the plaintiffs' argument in this respect would lead one to conclude that application for attorneys' fees can be made only upon the termination of the trial in the lower court, and attorneys' fees cannot be awarded for services rendered in proceedings subsequent to the trial in the lower court. But there is ample authority to the contrary. Sprague v. Ticonic Bank, 307 U.S. 161, 59 S.Ct. 777, 83 L.Ed. 1184, stands for the propositions that application for attorneys' fees can be made subsequent to an appeal or appeals, and that failure on the part of the prevailing party to make application upon the termination of the trial in the lower court does not constitute an implied waiver of the right. In support of the principle that compensation may be awarded for services rendered in proceedings subsequent to the trial in the lower court reference need only be made to that portion of the opinion in Maddrix et al. v. Dize, supra, where it is stated: "Indeed the ordinary and effective procedure in the allowance of attorney's fees in litigation which proceeds through several courts is to place the responsibility on the trial court where the work begins and ends and the value of the entire service can be best estimated after it has been completed."

█ The plaintiffs distinguish Maddrix et al. v. Dize, supra (an action brought under the Fair Labor Standards Act), from the instant case on the ground that the provisions relating to the allowance of an attorney's fee under the Fair Labor Standards Act, 29 U.S.C.A. § 216(b), are mandatory while those of the Copyright Act are discretionary. We agree with this view of the law but we differ from the plaintiffs' conclusions to be drawn therefrom. The language of the Copyright Act gives costs as a matter of right to the prevailing party but leaves to the Court's discretion the awarding of a reasonable attorney's fee. The Court "shall" allow the costs but it "may" award an attorney's fee. Marks v. Leo Feist, Inc., 2 Cir., 8 F.2d 460. The plaintiffs conclude that the court in the exercise of its sound discretion should not grant attorneys' fees to the defendants because the defendants were tardy in failing to exercise the right to motion the court for an award of attorneys' fees earlier than December 29, 1945, which was one year after the decision of the District Court and more than six months after the affirmance by the Circuit Court of Appeals. The delay did not prove prejudicial to the plaintiffs' cause and therefore this Court, in the exercise of its discretion, awards attorneys' fees and refuses to dismiss the action.

█ The motion for an award of attorneys' fees and outlays is hereby granted and after taking into consideration all the facts and circumstances of the case the amount is fixed at $4,000.

An order may be entered accordingly.