**CARPENTER v. ROHM & HAAS CO., Inc.**
**Civ. A. No. 976.**

United States District Court
D. Delaware.

Nov. 22, 1949.

Judgment Affirmed March 21, 1950.

See 180 F.2d 749.

Laurie J. Carpenter, in pro per.

Morton E. Evans (Marvel & Morford), of Wilmington, Del., for defendant.

RODNEY, District Judge.

On February 13, 1948 this court granted defendant's motion for summary judgment on the ground that upon the then undisputed facts the action was barred by the Delaware statute of limitations applicable to the action. Carpenter v. Rohm & Haas Co., D.C., 75 F.Supp. 732.

Plaintiff thereafter filed his notice of appeal and on October 22, 1948 the mandate from the Court of Appeals was received affirming the judgment of this court. 170 F.2d 146, certiorari denied 336 U.S. 904, 929, 947, 69 S.Ct. 490; 337 U.S. 921, 69 S.Ct. 1152.

Plaintiff on April 28, 1949 filed a motion in this District Court for this court to set aside its original order of dismissal, said motion containing the following statement:

"There is a mistake of fact that plaintiff is not claiming injury was sustained subsequent to September 19, 1945 and there is a Federal right in Title 15, Sec. 1125a, 60 Statutes Ch. 540, Title 8, Sec. 43, which has not been pleaded. Modern procedure is to apply a statute as enacted by its last amendment. The federal right names no limitation and is the law of the jurisdiction.

"Whereupon the said plaintiff prays that said judgment order and decree dismissing the complaint be voided and the case tried for valuation of damages."

It appears that the plaintiff's motion to set aside the order of dismissal is made upon two grounds: (1) "There is a mistake of fact that plaintiff is not claiming injury was sustained subsequent to September 19, 1945," and (2) that the plaintiff has a cause of action under 15 U.S.C.A. § 1125(a).

It would appear that the plaintiff apparently now claims that there was a mistaken impression that his injuries were sustained prior to or on September 19, 1945.

The plaintiff has had no counsel in the proceeding and, while the exact nature of the plaintiff's motion is difficult to grasp, yet certain things seem clear. When this court entered its order on February 27, 1948 dismissing the action pursuant to the opinion then filed, the plaintiff did not seek by Federal Rules of Civil Procedure, Rule 60, 28 U.S.C.A., to correct any now claimed mistaken impression on the part of the court as to the contention of the plaintiff, as he might have done. Instead he elected to appeal to the Court of Appeals for the Third Circuit. The effect of such appeal has been considered in Young v. Garrett, D.C., 159 F.2d 634, and Daniels v. Goldberg, D.C., 8 F.R.D. 580.

The Court of Appeals having affirmed this court without qualification, it becomes the duty of this court upon receipt of the mandate to proceed with the execution of the judgment and no more. No power exists, under Rule 60(b) or

otherwise, to alter or amend a decision of the reviewing court. Home Indemnity Co. of New York v. O'Brien, 6 Cir., 112 F.2d 387.

The authorities seem uniform that a mandate from a reviewing court is controlling as to all matters within the compass of such mandate and as to such matters the District Court, after remand, can take no further action. Maddrix v. Dize, D.C., 61 F.Supp. 946.

The applicable statute of limitations was clearly before this court at the original hearing. The plaintiff took that precise question to the Court of Appeals. That Court affirmed this District Court, and this court has now no power to reopen or review the question thus settled.[1]

The present motion, while including questions of the applicable statute of limitations, does mention another and a new right of action under Title 15, § 1125(a).

As heretofore indicated the action of the Court of Appeals is controlling as to all matters within the compass of the mandate. It seems clear that under certain circumstances the District Court may still act as to questions not within the compass of the mandate. There is nothing now presented in the nature of an application for a desired amendment so as to bring in a new action under Title 15, § 1125(a), and that matter under the present state of the record cannot be considered. In any event it was stated at the argument that the statute, Title 15, § 1125(a), was passed after the injury complained of in this case.

This court is constrained to refuse the motion to set aside and make void the judgment dismissing the complaint, which judgment has been expressly affirmed by the Court of Appeals of the Third Circuit.

[1] This principle is not to be confused with cases such as In re Standard Gas & Electric Co., D.C., 63 F.Supp. 876, holding that a Court of Equity after receiving a mandate from a reviewing court may consider radical change of circumstances happening between the issuance of the mandate and action by the District Court thereon.