**LANDAAS et al. v. CANISTER CO. et al. (two cases).**

**Nos. 10360, 10361.**

United States Court of Appeals Third Circuit.

July 12, 1951.

See also 3 Cir., 188 F.2d 768.

Ward J. Herbert, Newark, N. J. (McCarter, English & Studer, Newark, N. J., on the brief), for Canister Co. et al.

Joseph Goldberg, New York City (Jerome Y. Sturm, New York City, I. Herbert Levy, Trenton, N. J., on the brief), for Landaas et al.

Before BIGGS, Chief Judge, and MARIS and GOODRICH, Circuit Judges.

PER CURIAM.

The plaintiffs' attorneys have made application to this court for a reasonable attorney's fee to be paid to them by the defendant. Section 16(b) of the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 216 (b), provides: "Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. Action to recover such liability may be maintained in any court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated, or such employee or employees may designate an agent or representative to maintain such action for and in behalf of all employees similarly situated. The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

It is our opinion that the phrase of the final sentence quoted above, "The court in such action * * *", refers to the United States District Court in which the action against the employer can be maintained. It would appear, therefore, that Congress has confided the fixing of a reasonable attorney's fee to be paid by the defendant to United States District Courts rather than to United States Courts of Appeals. We so rule. Our holding is suggested, though not expressly stated, by the opinion in Maddrix v. Dize, 4 Cir., 153 F.2d 274, 276, wherein Circuit Judge Soper stated: "Indeed the ordinary and effective procedure in the allowance of attorney's fees in litigation which proceeds through several courts is to place the responsibility on the trial court where the work begins and ends and the value of the entire service can be best estimated after it has been completed. We think this interpretation serves to effectuate the purposes of the Act."

Accordingly we will deny the petition of the attorneys for the plaintiffs, without prejudice, to an application by them for a reasonable attorney's fee to the court below.