**Jean ZEGERS, Suzanne Peterson, and Doug Shukers, Plaintiffs,**

v.

**COUNTRYWIDE MORTGAGE VENTURES, LLC, d/b/a Countrywide KB Home Loans, and Countrywide Home Loans, Inc., Defendants.**

**Case No. 6:07–cv–1893–Orl–22DAB.**

United States District Court,
M.D. Florida,
Orlando Division.

July 28, 2008.

David H. Spalter, Jill S. Schwartz & Associates, PA, Winter Park, FL, for Plaintiffs.

Lori Anne Brown, Littler Mendelson, PC, Miami, FL, Kimberly D. Webb, Littler Mendelson, PC, Orlando, FL, for Defendants.

## ORDER

ANNE C. CONWAY, District Judge.

This cause comes before the Court on a Report & Recommendation ("R & R") by United States Magistrate Judge David A. Baker regarding the Joint Motion for Approval of Proposed Settlement. Doc. No. 37. Plaintiffs [1] have filed Objections to the R & R (Doc. No. 40), and Defendants failed to respond. Based on an independent, de novo review of the R & R, the Plaintiffs' submissions, and the relevant case law, the Court ADOPTS the R & R IN PART and proposes a fee distribution that would allow the Court to approve the settlement.

### Analysis

**I. Plaintiffs' Objection that the District Court Lacks Jurisdiction is Overruled**

 Plaintiffs argue that where no fee dispute exists, the district court lacks jurisdiction over the firm's contract with Plaintiffs. Doc. No. 40 p. 3. While Plaintiffs are correct that the parties did not ask the Court to review the fee arrangement (*id.* at p. 4), the FLSA states that in adjudicating a case, "[t]he Court ... *shall*, in addition to any judgment awarded to the plaintiff or plaintiffs, *allow* a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b) (emphasis added). This provision covers cases that continue to judgment. *Id.* Settlement of FLSA cases is only allowed when supervised by the Department of Labor or subject to Court approval in a private action. *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1353–54 (11th Cir.1982). The FLSA requires Court approval of settlement of a private lawsuit to ensure that there is "some assurance of an adversarial context." *Id.* Thus, even in the settlement context, it remains the Court's duty to see that a "reasonable attorney's fee" is paid by the Defendants. *See* 29 U.S.C. § 216(b).

Plaintiffs are correct that there is a difference between the Court determining the fee amount to be paid by the Defendants and the Court determining what the Plaintiffs may ultimately turn over to their lawyers. Doc. No. 40 p. 7 n. 4. However, permitting Plaintiffs and their counsel to make these kinds of contingent agreements without Court approval would thwart both the intent of Congress that "the wronged employee should receive his full wages" and the requirement that settlements must be approved by the Court. *See Maddrix v. Dize,* 153 F.2d 274, 275–76 (4th Cir.1946); *see also Lynn's Food,* 679 F.2d at 1352 (contracting away FLSA rights is specifically prohibited); *United Slate, Tile & Composition Roofers v. G & M Roofing & Sheet Metal Co., Inc.,* 732 F.2d 495, 503–04 (6th Cir.1984) ("The determination of a reasonable fee is to be conducted by the district court regardless of any contract between plaintiff and plain-

---

1. In this case, two additional individuals, Suzanne Peterson and Doug Shukers, joined the original Plaintiff, Jean Zegers. Doc. No. 35–4. In the proposed settlement, the three would share pro rata what remains of the $70,000 settlement figure after attorney's fees and costs are subtracted. Doc. No. 37 pp. 2–3; Doc. No. 32–2 p. 1.

tiff's counsel."). For these reasons, the Court holds that it is within the jurisdiction of the Court to review the attorney's fee in a FLSA settlement.

Plaintiffs cite *Brown v. Watkins Motor Lines, Inc.*, 596 F.2d 129 (5th Cir.1979),[2] for the proposition that the Court lacks jurisdiction. However, *Brown*, 596 F.2d at 130–31, was not a FLSA case but a tort suit involving damages awarded to a minor. *Brown* does not control in a FLSA case, where Congress intended Court oversight of the settlement to ensure an adversarial environment and complete compensation to plaintiffs. *Lynn's Food*, 679 F.2d at 1353–54. Furthermore, the dissent in *Brown* pointed out that the Fifth Circuit had twice decreed that "where an attorney recovers a fund in a suit under a contract with a client providing that he shall be compensated only out of the fund he creates, the court having jurisdiction of the subject matter of the suit has power to fix the attorney's compensation and direct its payment out of the fund." *Brown*, 596 F.2d at 133 (citing *Garrett v. McRee*, 201 F.2d 250, 253 (10th Cir.1953) and *Cappel v. Adams*, 434 F.2d 1278, 1279 (5th Cir. 1970)). Because the Court has jurisdiction over the settlement and award of fees under the FLSA, the Court overrules Plaintiffs' objection based on jurisdiction.[3]

## II. Plaintiffs' Objection that the Eleventh Circuit's Decision in *Lynn's Food* Does Not Convey Authority to Scrutinize the Fee Agreement is Overruled

█ Plaintiffs argue that *Lynn's Food*, 679 F.2d at 1352–53, does not control the

fee question, because nothing in that case "suggests that such a review was intended." Doc. No. 40 p. 5. Plaintiffs further argue that the intent of *Lynn's Food* was to protect potential plaintiffs from their employers, not from their attorneys. *Id.* at p. 6. However, the intent to ensure a reasonable attorney's fee and just compensation to Plaintiff is embodied in *Lynn's Food*, 679 F.2d at 1352–53, and is stated in the FLSA itself. *See* 29 U.S.C. § 216(b). Where, as here, there is a settlement amount of which Plaintiffs will take what is not given to the attorneys, the need to protect Plaintiffs' recovery also includes the need to ensure attorney's fees are reasonable.

Plaintiffs also fail to cite any case approving a forty percent contingent fee in a FLSA case and ignore this Court's prior orders specifically disapproving two FLSA case settlements because of forty percent contingency fee arrangements. *See Park v. Am. Servs. of Cent. Fla., Inc.*, No. 6:06cv882, 2007 WL 1626349, at *5 (M.D. Fla. June 5, 2007) (Conway, J.); *Siegenthaler v. Kane Furniture Co. of Ormond Reach, Inc.*, No. 6:07cv173, 2007 WL 1893906, at *2, *4 (M.D.Fla. July 2, 2007) (Conway, J.). For these reasons, Plaintiffs' Objection based on *Lynn's Food* is overruled.

## III. Plaintiffs' Objection that the Magistrate's Reliance on *Maddrix* is Misplaced is Overruled

In *Maddrix*, 153 F.2d at 275–76, the Fourth Circuit stated that, based on the

---

**2.** In *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir.1981), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit rendered prior to October 1, 1981.

**3.** The Court is unpersuaded by *Olivas v. A Little Havana Check Cash, Inc.*, No. 05–22599,

2008 U.S. Dist. LEXIS 54514 (July 17, 2008), at *1, which Plaintiffs filed as supplemental authority on July 24, 2008. Doc. No. 41. *Olivas* actually reiterates the importance of ensuring a fair ultimate award to FLSA plaintiffs. *Id.*

language of the FLSA, "Congress intended that the wronged employee should receive his full wage plus the penalty without incurring any expense for legal fees or costs." Plaintiffs are correct to point out that *Maddrix* addressed the validity of a judgment against a defendant including fees based on attorney services performed on appeal, rather than fees subtracted from a settlement amount. Doc. No. 40 p. 7. But, the Fourth Circuit's statement in *Maddrix*, 153 F.2d at 275–76, that the purpose of the FLSA is to compensate plaintiffs remains valid.

Plaintiffs argue that a footnote in the Fourth Circuit's decision in *Lyle v. Food Lion, Inc.*, 954 F.2d 984, 989 n. 2 (4th Cir.1992), is indicative that contingency fee agreements are valid in the FLSA settlement context. Doc. No. 40 pp. 7, 8. The Fourth Circuit in *Food Lion*, 954 F.2d at 989 n. 2, stated that its "holding ... controls only what [defendant] must pay [plaintiffs] and not what [plaintiffs] may be contractually obligated to pay their attorney under a contingent-fee agreement." This footnote does not approve contingency fees in FLSA cases but merely states that the Fourth Circuit is not addressing a contingent fee scenario. Moreover, the actual holding of *Food Lion* was that the lodestar, not a twenty percent contingency fee, must control what the defendant had to pay plaintiffs for fees. *Id.* at 988–89.

According to Plaintiffs' objection, the Supreme Court's holding in *Venegas v. Mitchell*, 495 U.S. 82, 87–88, 110 S.Ct. 1679, 109 L.Ed.2d 74 (1990), should apply to the FLSA. Doc. No. 40 p. 8. In *Venegas*, 495 U.S. at 87–88, 110 S.Ct. 1679, the Supreme Court held that 42 U.S.C. § 1988 does not invalidate contingent-fee contracts that would require a prevailing plaintiff to pay his attorney more than the statutory award against the defendant. However, as the Magistrate Judge pointed

out, the FLSA is not like section 1988. Doc. No. 37 p. 4. FLSA plaintiffs cannot bargain away their rights (*Lynn's Food*, 679 F.2d at 1352 (citing *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697, 706, 65 S.Ct. 895, 89 L.Ed. 1296 (1945))), while section 1988 plaintiffs can. FLSA settlements are only permitted if they are supervised by the Department of Labor or if they are part of a private suit and Court-approved. Doc. No. 37 p. 4; *Lynn's Food*, 679 F.2d at 1352–53. The language of the FLSA and case law interpreting it indicate that Congress intended that FLSA plaintiffs receive damages as well as reasonable attorney's fees from the defendant. *Id.*; 29 U.S.C. § 216(b). Having a forty percent contingency fee taken out of the award to the plaintiff would contravene the intent of that section. Doc. No. 37 p. 4 (citing *Maddrix*, 153 F.2d at 275–76, *United Slate*, 732 F.2d at 502, *Skidmore v. John J. Casale, Inc.*, 160 F.2d 527, 531 (2d Cir. 1947), and *Burke v. Mesta Mach. Co.*, 79 F.Supp. 588, 615 (W.D.Pa.1948)). Thus, the Supreme Court's decision in *Venegas* regarding actions brought under section 1988 is inapplicable to FLSA cases. For these reasons, Plaintiffs' third objection is overruled.

## IV. Plaintiffs' Objection that the Contingency Fee Agreement Does Not Contravene Public Policy is Overruled

Plaintiffs argue that the individuals "who seek counsel to obtain recovery on unpaid minimum wages or overtime compensation are often unemployed, and typically lack the resources to fund a federal action by paying hourly fees." Doc. No. 40 p. 8. In light of the fact that FLSA filings in the Orlando Division of the Middle District of Florida have quadrupled over the last four years (*see* Case No. 6:08mc49, Doc. No. 1 p. 1), the Court holds that the concern that plaintiffs will not be able to

find representation is adequately addressed by the fee provisions of the FLSA itself. Thus, the Court overrules Plaintiffs' objection based on public policy.

## V. Plaintiffs' Objection that the R & R Punishes Efficiency is Overruled

■ Plaintiffs argue that the R & R punishes efficiency and rewards file churning. Doc. No. 40 p. 9. However, in deciding whether attorney's fees are reasonable under any statute, the Court calculates the number of hours reasonably expended on a case and a reasonable hourly rate, based on the twelve factors listed in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir.1974).[4] These factors include the time and labor required, the novelty and difficulty of the questions, the skill requisite to perform the legal service properly, the preclusion of other employment by the attorney due to acceptance of the case, the customary fee, whether the fee is fixed or contingent,[5] time limitations imposed by the client or the circumstances, the amount involved and the results obtained, the experience, reputation, and ability of the attorneys, the undesirability of the case, the nature and length of the professional relationship with the client, and awards in similar cases. *Id.*

Plaintiffs argue that a slower, less skilled firm would be rewarded in a case like this with a larger fee. Doc. No. 40 p. 10. However, the difficulty of the case and whether a firm is file-churning are factors that will be taken into account in determining a reasonable rate. *See Johnson*, 488 F.2d at 717–19. For these reasons, the objection based on efficiency is overruled.

## VI. Plaintiffs' Objection that the Rule Established by the R & R is "Untenable" is Overruled

■ Finally, Plaintiffs argue that the rule proposed by the R & R is untenable, because any time attorney's fees are awarded, Plaintiffs' recovery will be diminished. Doc. No. 40 p. 11. However, whether Plaintiffs' compensation is acceptable and whether the attorney's fees are reasonable are to be based on the facts alleged in Plaintiffs' case. *See Johnson*, 488 F.2d at 717–19. It is obvious that in all cases where a total settlement amount to be apportioned between attorneys and plaintiffs, awarding fees to attorneys will result in a reduction of plaintiffs' award. *See* Doc. No. 40 p. 11. However, this obvious fact does not transform a forty percent contingency fee into a reasonable one. As the Magistrate Judge stated, Plaintiffs' counsel "does not cite any legal authority that he is entitled to receive a forty percent contingency fee." Doc. No. 37 p. 3. For these reasons, and in light of this Court's prior orders rejecting contingency fees,[6] the objection that the R & R is untenable is overruled.

---

4. Though the twelve-factor balancing test used in *Johnson* to fashion fee awards has been replaced with the lodestar method, the Eleventh Circuit has approved of using the *Johnson* factors to establish a reasonable rate. *Loranger v. Stierheim*, 10 F.3d 776, 781 n. 6 (11th Cir.1994).

5. Whether the fee is contingent is a relevant factor in determining what is reasonable in determining fees generally. However, high contingent fees are not appropriate in a FLSA case, where the settlement is to be Court-approved and the attorney's fee is to come from the defendant so as to not unduly decrease the plaintiff's recovery. *Lynn's Food*, 679 F.2d at 1352–53; *D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108, 116, 66 S.Ct. 925, 90 L.Ed. 1114 (1946).

6. *See, e.g., Park*, 2007 WL 1626349 (Conway, J.) (Order adopting R & R by United States Magistrate Judge James Glazebrook that disapproves settlement because of 40% contingency fee); *Siegenthaler*, 2007 WL 1893906 (Conway, J.) (Order adopting R & R by United State Magistrate Judge David Baker that dis-

## Conclusion

Based on the foregoing, it is ORDERED that the R & R (Doc. No. 37), filed June 17, 2008, is hereby ADOPTED IN PART. The R & R is ADOPTED in that Plaintiffs' counsel is not entitled to a forty percent contingency fee.

However, the Court will approve a settlement in the amount of $70,000 (*see* Doc. No. 32–2), if Plaintiffs receive the amounts they sought for overtime worked and unpaid wages (totaling $52,070.93)[7], with the remaining funds used to cover costs ($775.82) and any and all attorney's fees ($17,153.25).[8] *See* Doc. No. 35 pp. 2–3; Doc. No. 37 pp. 2–3. No additional attorney's fees, by private agreement or otherwise, will be permitted.

If the parties are amenable to this distribution, Plaintiffs shall submit a Notice to the Court indicating their acceptance by **August 8, 2008,** so that the Court may approve the settlement. Otherwise, Plaintiff's counsel must file a Motion for an Award of Attorney's Fees and submit affidavits in support of a reasonable fee **by August 15, 2008.** If Plaintiffs' counsel files a Motion for Award of Attorney's Fees, Defendants shall have ten calendar days within which to respond.

### REPORT AND RECOMMENDATION

DAVID A. BAKER, United States Magistrate Judge.

TO THE UNITED STATES DISTRICT COURT

This cause came on for consideration with oral argument on the following motion filed herein:

---

**MOTION:** **JOINT MOTION FOR APPROVAL OF PROPOSED SETTLEMENT (Doc. No. 32)**

**FILED:** **April 28, 2008**

---

**THEREON** it is **RECOMMENDED** that the motion be **DENIED without prejudice** to Plaintiffs' filing of evidence in support of a "fair and reasonable" fee.

---

■■ This cause came on for consideration upon referral by the District Judge to determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" over FLSA issues. *See Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1354–55 (11th Cir.1982). If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment af-

---

approves settlement because of 40% contingency fee).

7. This amount includes the $9,484.20 sought by Plaintiff Zegers, the $26,825.93 sought by Plaintiff Peterson, and the $15,760.80 sought by Plaintiff Shukers. Doc. No. 35 pp. 2–3.

8. An attorney's fee of $17,153.25 equates to approximately 86 hours at a rate of $200 per hour.

ter scrutinizing the settlement for fairness." *Id.* at 1353 (citing *Schulte, Inc. v. Gangi,* 328 U.S. 108, 66 S.Ct. 925, 928 n. 8, 90 L.Ed. 1114).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.* A Settlement Fairness Hearing was held on May 13, 2008 with counsel for both parties present.

Based on the responses to Court Interrogatories, Plaintiffs were employed by Defendant as home loan consultants, and had to be available based on company needs; they were paid straight commission even though they worked overtime of between 20 and 40 hours per week. Doc. No. 13, 21. According to counsel, the extent of the amount of overtime Plaintiffs worked was disputed by both sides because there were no time records. Plaintiffs sought the following amounts for alleged overtime worked and unpaid wages:

| | |
|---|---|
| Zegers | $ 9,484.20 |
| Peterson | 26,825.93 |
| Shukers | 15,760.80 |
| | $52,070.93 |

In addition, they each sought an equal amount as liquidated damages pursuant to the FLSA. Doc. No. 35.

Following settlement discussions, and based upon an assessment of Defendants' factual assertions and legal defenses, Plaintiffs decided to accept a settlement offer of $70,000 collectively, which after deducting $28,000 for the 40% contingency fee (discussed below), and $775.82 for costs, leaves $41,224.18 to be distributed to Plaintiffs. Doc. No. 35. The Plaintiffs' proposed *pro rata* shares and resulting amounts are:

| | | |
|---|---|---|
| Zegers | .182 | $ 7,502.80 |
| Peterson | .515 | 21,230.45 |
| Shukers | .303 | 12,490.93 |

**Plaintiffs' Promises to Pay a Contingency Fee to the Attorneys**

Although Plaintiffs' counsel has provided very competent legal representation, he does not cite any legal authority that he is entitled to receive a 40% contingency fee—which consequently reduces Plaintiffs' recovery—for his work in this case. The Court's own research found no precedent in this Circuit that addresses whether an FLSA plaintiff may be required to pay his attorney more than the Court determines is a reasonable fee under the statute because the plaintiff has entered into a contingent fee agreement with his counsel. *Cf. Silva v. Miller,* 547 F.Supp.2d 1299, 1301–02 (S.D.Fla.2008) (rejecting a contingency fee in FLSA case and awarding a lodestar amount).

In *Venegas v. Mitchell,* 495 U.S. 82, 110 S.Ct. 1679, 109 L.Ed.2d 74 (1990), the Supreme Court addressed whether the fee-shifting provisions of 42 U.S.C. § 1988 for prevailing civil rights plaintiffs operated as an upper bound on what the plaintiff was obligated to pay his attorney pursuant to a

contingency fee agreement. The Court found that the statute did not regulate what plaintiffs may promise to pay their attorneys, nor was there anything in the legislative history that suggested that Congress intended § 1988 to limit civil rights plaintiffs' ability to contract with their attorneys. *Id.* at 86–87, 110 S.Ct. 1679. The Court reasoned that if civil rights plaintiffs could waive their causes of action entirely, "there is little reason to believe that they may not assign part of their recovery to an attorney if they believe that the contingency arrangement will increase their likelihood of recovery." *Id.* at 88, 110 S.Ct. 1679. The Court concluded that the statute did not impose a ceiling on compensation, and that parties could contract for contingency fees or hourly rates in excess of what would be a reasonable fee under the statute. *Id.* at 90, 110 S.Ct. 1679.

However, unlike 42 U.S.C. § 1988, a plaintiff cannot waive a cause of action under the FLSA unless the settlement is approved by the Court or by the Secretary of Labor. The FLSA was enacted in 1938 in order to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers." 29 U.S.C. § 202(a). Several courts have recognized that Congress intended that a successful FLSA plaintiff would recoup his attorneys' fees and costs from the employer, without incurring any additional obligation to pay fees or costs. This issue first arose in 1946 in a case before the Fourth Circuit, which found that "[o]bviously Congress intended that the wronged employee should receive his full wages plus the penalty *without incurring any expense for legal fees or costs.*" *Maddrix v. Dize,* 153 F.2d 274, 275–76 (4th Cir.1946) (emphasis added). *See also United Slate, Tile and Composition Roofers, Damp and Waterproof Workers,* 732

F.2d 495, 502 (6th Cir.1984) (citing *Maddrix* with approval); *Skidmore v. John J. Casale, Inc.,* 160 F.2d 527, 531 (2d Cir. 1947) ("We have considerable doubt as to the validity of the contingent fee agreement; for it may well be that Congress intended that an employee's recovery should be net, and that therefore the lawyer's compensation should come solely from the employer."); *Burke v. Mesta Mach. Co.,* 79 F.Supp. 588, 615 (W.D.Pa. 1948) ("Any agreement between the plaintiffs and their counsel for an additional fee on a contingent basis, or any other understanding, would be contrary to the purpose of Congress to have the employee collect and return unpaid wages and liquidated damages.").

Because the FLSA was intended to provide workers with the full compensation they are due under the law, requiring a plaintiff to pay his or her attorney a fee in addition to what the Court determines is a reasonable fee for the attorneys' services is contrary to Congressional intent. Congress encourages the filing of meritorious FLSA claims by providing for the recovery of reasonable attorney's fees. "Under Plaintiff's counsel's argument that the Court need not review this settlement agreement, counsel would be immune from judicial scrutiny and given carte blanche to recover as large a fee award as they can negotiate from their clients' employers. Such awards would be inconsistent with Supreme Court and Eleventh Circuit precedent, disregard the clear language of the FLSA, and frustrate the statute's underlying policy." *Silva,* 547 F.Supp.2d at 1305–06.

■■■■ The Court finds no reasonable basis to distinguish between a plaintiff who prevails through settlement and one who prevails at trial. The Court has discretion to determine what is a reasonable fee for

an attorney's services, regardless of any contract between a plaintiff and his attorney. *See United Slate*, 732 F.2d at 504. Moreover, the Court has broad equity powers to supervise collection of attorneys' fees pursuant to contingency fee contracts. *See United States ex rel. Taxpayers Against Fraud v. Gen. Elec. Co.*, 41 F.3d 1032, 1048 (6th Cir.1994).

■ The Court, therefore, must determine what is a reasonable fee and will find any contingency fee agreement that requires an additional payment to be unenforceable. *See, e.g., Chandris, S.A. v. Yanakakis*, 668 So.2d 180, 185 (Fla.1995) ("A contract that contravenes an established interest of society can be found to be void as against public policy."); *Local No. 234 of United Ass'n of Journeymen and Apprentices v. Henley & Beckwith, Inc.*, 66 So.2d 818, 823 (Fla.1953) (contract provisions which violate public policy underlying a statute can be void); *Stewart v. Stearns & Culver Lumber Co.*, 56 Fla. 570, 587, 48 So. 19 (1908) ("Contracts or agreements that violate the principles of public policy designed for the public welfare are illegal, and will not in general be enforced by the courts.").

Applying these principles to the present case, the Court concludes that the agreed fee arrangement would result in an unreasonable fee where the Plaintiffs are not receiving full compensation and there is no substantial legal or factual dispute. Thus the fee agreement is not consistent with the purposes of the FLSA.

Considering the lack of extended dispute or court proceedings based on the record which reflects a straightforward case, requiring no particular level of expertise above and beyond that expected of any member of this bar. Courts in this district and division routinely award between $200 and $300 an hour for similar work in FLSA cases, and there is no evidence as to why Plaintiff's counsel should be compensated at a higher rate. Plaintiffs' counsel has not submitted any evidence of the hours expended in the case or affidavit in support. It is respectfully **RECOMMENDED** that the Joint Motion for Approval of the Settlement be **DENIED without prejudice** and Plaintiffs' counsel be allowed 11 days to file evidence to support an award of attorney's fees.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on June 17, 2008.