Alexander A. ELEKES, Plaintiff,

v.

BRADFORD NOVELTY CO., Inc., Defendant.

Civ. A. No. 59–13.

United States District Court
D. Massachusetts.

March 15, 1960.

Adams & Clapp, Andre R. Sigourney, Boston, Mass., for plaintiff.

Harold E. Cole, Boston, Mass., for defendant.

JULIAN, District Judge.

The plaintiff brought this action to enjoin the defendant from infringing his claimed copyrights in two ornamental "stars," to recover damages, and for other relief.

The plaintiff, a draftsman residing in Tennessee, conceived the idea of making a foil star as a Christmas decoration sometime after World War II when he was in Germany. He came to the United States in 1951 and during the Christmas season of that year he made several of these stars by hand and used them to decorate his Christmas tree. Friends who saw the stars liked them and the plaintiff decided to design a machine to produce them. He continued to work on the star in 1952 and 1953.

On March 6, 1953 the Copyright Office issued to the plaintiff a certificate of registration of a claim to copyright in a "work of art, or a model or design for work of art." The title of the work on the certificate is simply the word "star." No other description is given. Deposited with the claim of copyright was what appears to be a photographic representation of one view of a multipointed, spherical star with the word "star" typewrit-

ten below the picture. This star was referred to as the foil star throughout the trial.

On November 10, 1954 the Copyright Office issued to the plaintiff another certificate of registration of a claim to copyright in a work of art, or a model or design for a work of art. The title of the work is as follows: "Translucent Spherical Star for Use over Light." The plaintiff filed with the Copyright Office a pictorial representation of this work. It shows a star closely resembling the foil star with the added feature of electric wires attached to the bottom suggesting the presence of an electric light within the core of the star. This work was referred to throughout the trial as the plastic star.

On October 4, 1954 the plaintiff, using the title of president of "Glitter Enterprises," (simply a business name assumed by the plaintiff) wrote the defendant, whose place of business is in Cambridge, Massachusetts, informing it that he had "developed a machine for the manufacture of an attractive and unique Christmas decoration from lacquered aluminum foil," that the machine and the item were protected by patent and copyright. "However," he went on to say, "before placing the product on the market, we wish to determine the practicality of manufacture of a twin item from flexible fire resistant plastic for use with light."

The plaintiff circularized fifteen to twenty firms that might be interested in manufacturing the plastic star. None of them except the defendant displayed any interest. On October 11, 1954 the defendant wrote the plaintiff as follows:

"In answer to your letter of October 4th, as you know we make Christmas decorations here. This is our main line, and we are always interested in an item that is different and new. We are manufacturers, and we mold all our items. If you are interested in having us evaluate the item, and you think you would like to have us take over the manufacture and sale of it, we would

be happy to consider it, if the item is satisfactory and could sell in large volume. If you would send a sample of the item to me, I would be very pleased to give you my opinion."

The plaintiff's reply on November 12, 1954 stated:

"We are interested in your evaluation of our plastic star for use over Christmas tree lights. As indicated in my letter of October 4, 1954, we have perfected our machine for manufacturing our foil star. We have not, however, perfected molds for manufacture of the twin plastic item. We are enclosing a cross section drawing of the plastic star. In addition we are sending you samples of our foil star for use in evaluating production and sales possibilities of the star."

On November 24, 1954 Burnbaum, as president of the corporate defendant, acknowledged receipt of the sample foil stars and the "drawing of a translucent spherical star for use over a light," and then stated:

"I notice that you say on the drawing that it was copyrighted in 1952 * * *. We, as a Christmas ornament manufacturer have already made two molds of a type similar to the drawing you sent us. They are not exactly the same, but sufficiently similar for me to write to you about it. These items we have already finished and will start to market after the first of the year * * *. We have been working with these molds since better than a year ago, and, as you have sent us your drawing on November 12, 1954, we hope that you can see that there is no question here about copying the design."

The drawing received by the defendant from the plaintiff was entitled, "Half Section of Translucent Spherical Star for Use over Light." It showed a half section of a multipointed star, spherical in shape, with a chamber in the core containing an electric light bulb. The following notes appeared below the drawing:

"1. Copyrighted—1952

"2. Designed for use over standard X-mas tree light.

"3. The star is to be made from a clear plastic for use over colored lights, or from various colors of plastic for use over white or clear light"

The machine mentioned by plaintiff in his letter has never been perfected or patented. The drawing of the plastic star sent to the defendant was never copyrighted, and was not made in 1952, but in 1954, according to the plaintiff's own testimony.

Burnbaum was at all relevant times and at the time of the trial president of the defendant. He has been a model maker for about forty years. He has taken out about fifty patents on Christmas decorations. He himself has made most of the models for these. The defendant markets about one hundred such items. The defendant's star which the plaintiff claims infringes his copyrights was referred to as the silver star in the course of the trial. Burnbaum conceived this star in 1953, began to work on the model that same year and completed it early in 1954. On July 7, 1954 the defendant ordered the mold from which the silver star was eventually manufactured. Molds are very intricate. They are made by hand and it takes months to make them. The mold was ordered for delivery on November 15, 1954 at a price of $4,800. "Test shots" were made from the mold and several silver stars were assembled as early as October and November 1954. The mold was then returned to the maker for minor modifications and for the finishing touches. It was shipped to the defendant in completed form on January 10, 1955.

Neither of the parties to this litigation nor Burnbaum was the first to originate the idea of a multipointed, spherical star for decorative purposes. Such stars, both with and without illumination from the interior, were patented prior

to 1953, the earliest as far back as 1916. The evidence, however, does not indicate that either the plaintiff, Burnbaum or the defendant copied from any of the patented stars.

The plaintiff's foil star consists of nine 8-pointed pieces made from thin sheets of lustrous metal foil. The nine pieces are pierced through the center and held together as a unit with a piece of string. The resultant seventy-two closely clustered points are arranged to form a multipointed sphere with an over-all diameter of about four inches. By assembling fewer pieces the number of star points can be correspondingly reduced. Because of the thinness of the foil the star is easily crumpled or crushed.

The plastic star has never been developed beyond the drawing stage and no sample was ever made available to Burnbaum or to the defendant.

The defendant's silver star consists of three separate molded parts each having six points that radiate from a hub-like center. When the three parts are assembled they form a spherical star with eighteen star points, having an over-all diameter of about 4½ inches. Unlike the foil star, the silver star is so made that the number of parts and the number of star points cannot be varied. The core of the silver star, unlike that of the foil and plastic stars, is relatively small. Its points are slender and ribbed to expedite cooling in the manufacturing process. It is made of material that can be injected into the mold, baked and hardened. The finished star is rigid and strong and is aluminized to give it lustre and glitter. It is neither translucent nor flexible. It cannot be used "over a light." It is not designed or made to receive or accommodate electric wires, fittings or a light bulb or other source of light in its interior.

The plaintiff's plastic star cannot be manufactured by the defendant's method. The plaintiff has never marketed or sold either of his stars. On the evidence before me it is impossible to determine whether either one of the plaintiff's stars could be manufactured in commercial quantities. The defendant's silver star has been both manufactured and marketed in commercial quantities.

The design, construction, relative dimensions, arrangement, and appearance of the star points in the defendant's silver star are distinctively different from the plaintiff's.

The silver star as a whole is obviously and unmistakably different in design, construction, and appearance from the plaintiff's foil and plastic stars. Such similarity as exists between them is due to the fact that all three are expressions of the same basic idea.

■ I find that Burnbaum and the defendant did not copy in any respect either of the plaintiff's stars, and that they conceived and developed the silver star entirely independently of the plaintiff's works.

■■ It follows that the defendant has not infringed the plaintiff's copyrights. A copyright protects only the expression of an idea and not the idea itself. There cannot be an infringement of a copyright without copying. Allegrini v. DeAngelis, D.C.1945, 59 F.Supp. 248; Arnstein v. Porter, 2 Cir., 1946, 154 F.2d 464; see Mazer v. Stein, 1954, 347 U.S. 201, 217, 218, 74 S.Ct. 460, 98 L.Ed. 630.

On the facts found the plaintiff is not entitled to any relief.

Judgment will be entered for the defendant.