**David MACKENZIE, Plaintiff,**

v.

**KINDRED HOSPITALS EAST, L.L.C., Defendant.**

No. 8:00–cv–2405–T–23TGW.

United States District Court, M.D. Florida, Tampa Division.

July 24, 2003.

David J. Linesch, The Linesch Firm, Palm Harbor, FL, for plaintiff.

Christine E. Howard, Jeffery E. Robertson, Fisher & Phillips, Atlanta, GA, Carlos J. Burruezo, Fisher & Phillips LLP, Orlando, FL, for defendant.

## *ORDER*

MERRYDAY, District Judge.

The Court referred (Doc. 45) the plaintiff's motion to strike the defendant's offer

of judgment (Doc. 33); the defendant's motion to dismiss (Doc. 39); and the plaintiff's motion to facilitate notice pursuant to 29 U.S.C. § 216(b) (Doc. 42)[1] to United States Magistrate Judge Thomas G. Wilson for a report and recommendation. On June 30, 2003, the Magistrate Judge issued a report and recommendation (Doc. 63), to which no party objects. The Magistrate Judge's report and recommendation (Doc. 63) is **ADOPTED**. Accordingly, the plaintiff's motion to strike the defendant's offer of judgment (Doc. 33) is **DENIED**; the defendant's motion to dismiss (Doc. 39) is **GRANTED** to the extent that judgment in the amount of $1,200.00 plus costs and a reasonable attorney's fee shall be entered in favor of the plaintiff and against the defendant; and the plaintiff's motion to facilitate notice (Doc. 42) is **DENIED**. The plaintiff shall, **within fifteen (15) days** of the date of this order, file a memorandum, affidavits, or other supporting papers with respect to the award of a reasonable attorney's fee. The Clerk is directed to (1) enter judgment in the amount of $1,200.00 plus costs and a reasonable attorney's fee in favor of the plaintiff and against the defendant and (2) close the file.[2]

*REPORT AND RECOMMENDATION*

THOMAS G. WILSON, United States Magistrate Judge.

The plaintiff, a pharmacist formerly employed by the defendant, claims that the defendant required him to work in excess of forty hours a week without paying him overtime compensation as required by the Fair Labor Standards Act ("FLSA"). The plaintiff styled his complaint as a collective action, purporting to act also as a representative of other pharmacists who are allegedly entitled to overtime compensation from the defendant.

Although the defendant disputes that it violated the FLSA, it served upon the plaintiff an offer of judgment which compensates him in full for his alleged damages. The plaintiff has moved to strike the defendant's offer of judgment, contending that it is inappropriate in a collective FLSA action (Doc. 33). The defendant subsequently filed a motion to dismiss the plaintiff's lawsuit, alleging that its offer of judgment renders the lawsuit moot (Doc. 39). Thereafter, the plaintiff filed a motion to facilitate court-authorized notice of this lawsuit to potential collective action members, to designate this matter as a collective action, and to order the defendant to produce a data file permitting the identification of potential plaintiffs (Doc. 42). These motions were referred to me for a report and recommendation (Doc. 45).

Importantly, the plaintiff has failed to identify any similarly situated individual who has expressed an interest in filing a written consent to join this lawsuit, as required by the FLSA. This circumstance essentially defeats the plaintiff's motions to strike the offer of judgment and to

---

1. In his motion to facilitate notice, the plaintiff requests an order for proceeding as a collective action (Doc. 42–1), an order authorizing notice to potential collective action members (Doc. 42–2), and an order requiring the defendant to identify all potential collective action members (Doc. 42–3).

2. The result in this case undoubtedly would differ if the plaintiff offered some material evidence of other willing and similarly situated claimants. Of course, in all instances, the court should guard against a defendant's misuse of the procedure employed in this case. A dismissal for mootness is a tool to comply with jurisdictional limitations imposed by the Constitution of the United States and not a ploy for an agile defendant to escape compliance with the Fair Labor Standards Act.

facilitate a court-authorized notice of this action. Moreover, in light of the offer of full relief to the only plaintiff, this matter is moot, since there is no longer a case or controversy. Accordingly, this case should be resolved by the entry of judgment for the plaintiff in the amount of $1,200, plus costs and a reasonable attorney's fee.

## I.

The defendant is a corporation specializing in long-term care for chronic and acutely-ill patients.[1] The plaintiff worked as a pharmacist for the defendant at its St. Petersburg facility from approximately January 1998 until June 15, 2000, when he was terminated. During his employment, there were many weeks in which the plaintiff worked more than forty hours. He was remunerated for that time at his regular hourly wage.

On November 22, 2000, the plaintiff filed this lawsuit claiming that the defendant's failure to pay him one and one-half times his regular hourly wage for hours worked in excess of forty in a week violated the FLSA (Doc. 1). He also alleged that the defendant violated the FLSA by failing to keep adequate time records. The defendant denies that its recordkeeping is inadequate and contends that the plaintiff is not owed any overtime compensation because he qualifies for the FLSA's professional exemption (Doc. 14).

The plaintiff also seeks to act as representative of a collective action of pharmacists who are allegedly owed overtime compensation by the defendant. However, to date, the plaintiff has been unable to identify any pharmacist wishing to participate in this lawsuit (Doc. 52, p. 159). Further, the plaintiff's discussions about this lawsuit with two pharmacists formerly employed by the defendant did not yield any

interest in joining this action (*id.* at pp. 154–57).

Approximately one month after the plaintiff filed his complaint, this matter was administratively closed pending resolution of the defendant's bankruptcy petition (Doc. 6). In January 2002, the court reopened this case and dismissed the plaintiff's pre-bankruptcy-petition claims, thereby limiting the time for which the plaintiff could recover damages to the period from September 13, 1999, to his termination in June 2000 (Doc. 13).

The parties then engaged in discovery. The defendant produced to the plaintiff his payroll and timecard records, which allegedly indicated that, at most, the plaintiff had worked a total of 32.5 overtime hours during this period (*see* Ex. 7 attached to Doc. 52). Further, the plaintiff had already been paid his regular hourly wage for that time (*id.* at p. 105). Accordingly, the defendant calculated that the plaintiff's overtime compensation would be, at most, half-time for 32.5 hours, which totaled $552.33 (*see* Doc. 35, p. 2). The plaintiff has not disputed the accuracy of this computation.

On approximately June 28, 2002, the defendant served upon the plaintiff an offer of $1,200 plus a reasonable attorney's fee and costs (*see id.* at Ex. 2). The defendant computed this sum by rounding up its maximum overtime liability to $600, and doubling that amount for liquidated damages.

The plaintiff did not accept this offer. Instead, several weeks later he filed a motion to strike the offer, contending that it is inappropriate in a collective action (Doc. 33). Thereafter, the defendant filed a motion to dismiss this case for lack of

---

1. In the initial complaint, the defendant was identified as Vencor Hospitals East, L.L.C. (Doc. 1). In the amended complaint, the de-

fendant is identified as Kindred Hospitals East, L.L.C. (formerly known as Vencor Hospitals East, L.L.C.) (Doc. 28).

subject matter jurisdiction, alleging that its offer of full relief ended the necessary case or controversy (Doc. 39). The plaintiff then filed a motion to permit this matter to proceed as a collective action, to obtain a court-authorized notice of this lawsuit to potential plaintiffs, and to direct the defendant to produce a data file containing identification information of potential plaintiffs (Doc. 42).

These motions were referred to me for a report and recommendation (Doc. 45). Oral argument on the motions was conducted and each party was thereafter afforded ample opportunity to submit additional legal authority in support of their contentions (Docs.53, 55, 57, 58, 59).

### II.

The plaintiff alleges that the defendant violated the FLSA by failing to pay him one and one-half times his regular hourly wage for overtime work. 29 U.S.C. 207. Thus, the Act states (*id.*):

> Except as otherwise provided in this section, no employer shall employ any of his employees ... for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

The Act provides that an individual whose employer violates § 207 is entitled to the unpaid overtime compensation, an additional equal amount as liquidated damages, a reasonable attorney's fee and costs. 29 U.S.C. 216(b). An action for such relief may be maintained by an employee for himself "and other employees similarly situated." *Id.* However, "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to

become such a party and such consent is filed in the court in which such action is brought." *Id.*

As indicated, the defendant served upon the plaintiff an offer of judgment for $1,200, plus a reasonable attorney's fee and costs.[2] The defendant asserts that this offer affords the plaintiff greater relief than he could achieve at trial, and the plaintiff has not disputed that assertion. Nevertheless, the plaintiff has moved to strike the offer of judgment, contending that it "is clearly inappropriate in a collective FLSA action such as this case ..." (Doc. 33, p. 1). There is nothing improper, however, about the offer of judgment in this case.

Initially, the defendant contended that, because the offer of judgment has not been filed with the court, there is nothing to strike. *Asch v. Teller, Levit & Silvertrust, P.C.,* 200 F.R.D. 399, 401 (N.D.Ill. 2000). The defendant, however, submitted the offer of judgment in responding to the motion (Doc. 35, Ex. 2). That offer, moreover, is the basis for the defendant's subsequent motion to dismiss. Consequently, the plaintiff's motion to strike should not be denied simply because the offer was not originally filed with the court.

As noted, the parties considered the offer of judgment to have been proffered in accordance with Rule 68, F.R.Civ.P. That rule provides:

> At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against the defending party for the money or property or to the effect specified in the offer, with costs then accrued.... If the judgment finally obtained by the offeree is not more

---

**2.** The offer does not expressly refer to Rule 68, F.R.Civ.P. (Doc. 35, Ex. 2). However, both parties view the offer as an offer of

judgment pursuant to that rule. Accordingly, it is appropriate for the court to do so as well.

favorable than the offer, the offeree must pay the costs incurred after the making of the offer.

"The plain purpose of Rule 68 is to encourage settlement and avoid litigation." *Utility Automation 2000, Inc. v. Choctawhatchee Elec. Co-op., Inc.*, 298 F.3d 1238, 1240 (11th Cir.2002)(*citing Marek v. Chesny*, 473 U.S. 1, 5, 105 S.Ct. 3012, 87 L.Ed.2d 1 (1985)). Further, "Rule 68's policy of encouraging settlements is neutral, favoring neither plaintiffs nor defendants; it expresses a clear policy of favoring settlement of all lawsuits." *Marek v. Estate of Chesny, supra,* 473 U.S. at 10.

■ Rule 68, moreover, contains no exclusion that precludes its application in a FLSA case. *See* Rule 68 ("a party defending against *a claim* may serve . . . an offer to allow judgment . . ."). Thus, a Rule 68 offer of judgment is an acceptable method of resolving a case brought pursuant to the FLSA. *See, e.g., Arencibia v. Miami Shoes, Inc.*, 113 F.3d 1212 (11th Cir.1997).

■ The plaintiff argues that the offer of judgment should be stricken in this case because it is inconsistent with "established protocols in class/collective litigation . . ." (Doc. 33, p. 4). This argument is based upon decisions involving class actions under Rule 23, F.R.Civ.P. These Rule 23 decisions (which, as the defendant points out (Doc. 35, p. 10), do not uniformly support the plaintiff's position) are clearly inapposite.

Binding authority in this circuit explains that class actions under Rule 23 and FLSA collective actions pursuant to § 216(b) are "mutually exclusive and irreconcilable." *LaChapelle v. Owens–Illinois, Inc.*, 513 F.2d 286, 289 (5th Cir.1975). As the court stated in *LaChapelle* (*id.* at 288):

There is a fundamental, irreconcilable difference between the class action described by Rule 23 and that provided for by FLSA § 16(b). In a Rule 23 proceeding a class is described; if the ac-

tion is maintainable as a class action, each person within the description is considered to be a class member and, as such, is bound by judgment, whether favorable or unfavorable, unless he has "opted out" of the suit. Under § 16(b) of FLSA, on the other hand, no person can become a party plaintiff and no person will be bound by or may benefit from judgment unless he has affirmatively "opted into" the class; that is, given his written, filed consent.

This difference defeats the premise of the plaintiff's argument, which is that a forced resolution of the plaintiff's claim by the offer of judgment will adversely affect the rights of others. Thus, unlike a Rule 23 class action where the rights of class members may be determined by the representative plaintiff's actions, resolution of the plaintiff's FLSA claim will not compromise the right of any other employee to file suit against the defendant since no one has opted into this lawsuit.

The distinction between Rule 23 class actions and actions under § 216(b) also answers the plaintiff's argument that he has a fiduciary or ethical duty to prosecute this case to protect the rights of potential plaintiffs. Since no consents have been filed by anyone opting into this case, there is no other individual for the plaintiff or his lawyer to represent. Absent representation, there is no basis for finding that some duty exists on the part of the plaintiff or his lawyer toward individuals that will not be bound in any way by the outcome of this lawsuit.

Moreover, the FLSA expressly authorizes the Secretary of Labor to bring suit on behalf of employees who have suffered violations of the minimum wage or overtime provisions. 29 U.S.C. 216(c). Thus, to the extent that there is an obligation to look out for potential claimants, the Act places that obligation upon the Secretary.

There is no justification for imposing, in addition, a duty upon a plaintiff or his lawyer to protect the interests of individuals who will not be bound by the plaintiff's lawsuit.

Under the circumstances, furthermore, the plaintiff's disparagement of the offer of judgment as a "coercive litigation tactic" (Doc. 33, p. 3) is unpersuasive. It was plainly economically reasonable for the defendant to offer to pay the plaintiff's claim in full in order to avoid attorneys' fees that could substantially exceed the amount paid. Indeed, it would seem unfair if the defendant were precluded from taking that action, especially since such a payment would have no effect on any other person's claim.

The plaintiff also argues that the offer of judgment should be stricken because it is inconsistent with requirements established in *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350 (11th Cir.1982). In *Lynn's Food Stores,* an employer sought judicial approval of private agreements it entered into with its employees to settle alleged FLSA violations. Pursuant to the settlement agreements, the employees waived their rights to file FLSA claims in exchange for a small fraction of the back wages that the Department of Labor concluded that the employees were owed (*id.* at 1352). These employees were not represented by counsel; they were believed to be ignorant of their FLSA rights; and the agreements did not adequately compensate them (*id.* at 1354). Concerned about the unequal bargaining power between the employer and its unrepresented employees, the Eleventh Circuit stated that the agreements could not be approved absent supervision of the Department of Labor or a stipulated judgment entered by a court which has determined that the settlement is a fair and reasonable resolution of the FLSA claims (*id.* at 1352–55).

The plaintiff argues that the judicial oversight discussed in *Lynn's Food Stores* is required for all FLSA settlements and that the enforcement of Rule 68 conflicts with the principles articulated in that decision (Doc. 33, pp. 4–5). However, *Lynn's Food Stores* does not address whether an employee's rights under the FLSA may be the subject of a Rule 68 offer of judgment. To the contrary, it does not even mention Rule 68. Consequently, there is nothing in *Lynn's Food Stores* that supports the plaintiff's request to strike the offer of judgment.

Furthermore, *Lynn's Food Stores* addresses judicial oversight of "compromises" of FLSA claims (*see id.* at 1354–55). Since the plaintiff has been offered full compensation on his claim, this case does not involve a compromise. There is no need for judicial scrutiny where, as here, the defendant represents that it has offered the plaintiff more than full relief, and the plaintiff has not disputed that representation.

In sum, the plaintiff has failed to provide any pertinent authority or any cogent argument in support of his motion to strike the offer of judgment (Doc. 33). There is no bar to the use of Rule 68 in this type of case, and the defendant's offer of full relief is obviously reasonable. Therefore, I recommend that the motion be denied.

### III.

Following the plaintiff's motion to strike, the defendant moved to dismiss the plaintiff's lawsuit for lack of subject matter jurisdiction on the ground that its fully compensatory offer of judgment moots the controversy in this case (Doc. 40). The plaintiff responded that the motion appears untimely and asserts that dismissal of this case is "is inappropriate under *Lynn's Food Stores, Inc. v. United States,*

679 F.2d 1350 (11th Cir.1982) . . ."(Doc. 41, p. 1).

The plaintiff's suggestion that the motion is untimely (Doc. 41, p. 3) is meritless since "a party may make a motion to dismiss for lack of subject matter jurisdiction at any time." *Compagnoni v. United States,* 173 F.3d 1369, 1370 (11th Cir.1999). Thus, "under Rule 12(h)(3), Fed.R.Civ.P., the defense of lack of subject matter jurisdiction may be raised at any time by motion of a party or otherwise."[3] *Harrell & Sumner Contracting Co., Inc. v. Peabody Petersen Co.,* 546 F.2d 1227, 1229 (5th Cir.1977). Claims of mootness, accordingly, are regularly submitted and considered after the designated time for filing motions and pleadings.

The defendant's motion, as indicated, is premised on the ground that this lawsuit should be dismissed because its fully compensatory offer of judgment moots the controversy in this case (Doc. 40). The doctrine of mootness has its source in Article III of the United States Constitution, which provides that federal judicial power extends only to "cases" or "controversies." *Lusardi v. Xerox Corp.,* 975 F.2d 964, 974 (3d Cir.1992). This requirement "limits federal courts to deciding 'questions presented in an adversary context and in a form historically viewed as capable of resolution through the judicial process.' " *Id.* at 980 (*quoting Flast v. Cohen,* 392 U.S. 83, 95, 88 S.Ct. 1942, 20 L.Ed.2d 947 (1968)).

A case becomes moot when the issues are no longer "live" or when the parties lack a legally cognizable interest in the outcome of the litigation. *City of Erie v. Pap's A.M.,* 529 U.S. 277, 287, 120 S.Ct. 1382, 146 L.Ed.2d 265 (2000). For example, complete relief to the plaintiff moots the action because he no longer has a legally cognizable interest in the outcome of the litigation. *See Lusardi v. Xerox Corp., supra,* 975 F.2d at 974; *Ambalu v. Rosenblatt,* 194 F.R.D. 451, 453 (E.D.N.Y. 2000). These Article III limitations imposed by the mootness doctrine apply to a proposed FLSA collective action under § 216(b). *See Lusardi v. Xerox Corp., supra,* 975 F.2d at 984 (ADEA action which incorporates § 216(b)).

The defendant argues that this case became moot in July 2002 when it served upon the plaintiff an offer of judgment in the amount of $1200, plus a reasonable attorney's fee and costs (Doc. 40, pp. 9–10). The plaintiff does not dispute that this is more than the maximum amount of damages he could recover under the FLSA, and does not argue that he could obtain any additional relief. These circumstances would seemingly end the live controversy between the plaintiff and the defendant.[4] Moreover, there is no other individual in this case asserting a claim.

The plaintiff's opposition to a dismissal for mootness is based upon *Lynn's Food Stores* (Docs.41, 59). Again, the plaintiff tries to get something out of *Lynn's Food*

---

**3.** Rule 12(h)(3) states that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."

Furthermore, matters outside the pleadings may be considered on a motion to dismiss where, as here, there is a factual challenge to the court's subject matter jurisdiction. *Morrison v. Amway Corp.,* 323 F.3d 920, 924–25 n. 5 (11th Cir.2003).

**4.** Further, the remaining issue regarding the amount of an attorney's fee and costs is a collateral matter and does not involve the merits of the case. *Budinich v. Becton Dickinson and Co.,* 486 U.S. 196, 199–200, 108 S.Ct. 1717, 100 L.Ed.2d 178 (1988). Consequently, that issue does not prevent the case from becoming moot. Significantly, the plaintiff does not argue that it does.

*Stores* that is not there. In the first place, *Lynn's Food Stores* does not address the issue of mootness. Moreover, as previously explained, *Lynn's Food Stores* is inapposite since that decision concerned the compromise of FLSA claims and this case involves an offer of full relief.

■ Therefore, this case would unquestionably be moot if the plaintiff had accepted the offer of full relief. *Lusardi v. Xerox Corp., supra,* 975 F.2d at 984. The catch here, however, is that the plaintiff did not accept the offer of judgment. The defendant has presented authority holding that this circumstance does not keep the controversy alive. Thus, the defendant has cited a district court decision concluding that, if the plaintiff is offered full relief but does not accept it, the offer nonetheless moots the plaintiff's claim and it is appropriate to dismiss the case for lack of subject matter jurisdiction. *Wiskur v. Short Term Loans, LLC,* 94 F.Supp.2d 937 (N.D.Ill.2000). The defendant also has cited a decision in which, after a plaintiff rejected an offer of full relief, the court determined the case to be moot and entered judgment for the plaintiff in the amount of the offer. *Ambalu v. Rosenblatt, supra,* 194 F.R.D. 451; *see also Greif v. Wilson, Elser, Moskowitz, Edelman & Dicker LLP,* 2003 WL 1915738 (E.D.N.Y. 2003). While these cases disagree on the procedural consequences of an unaccepted offer of full relief (one approach is simply to dismiss the case, the other is to enter judgment in accordance with the offer), they agree that an offer of judgment of full relief renders the case moot.

This, of course, only makes sense. As Chief Judge Posner stated in *Greisz v. Household Bank (Illinois), N.A.,* 176 F.3d 1012, 1015 (7th Cir.1999), in discussing an unaccepted offer that was greater than the statutory damages (internal citations omitted):

> Such an offer, by giving the plaintiff the equivalent of a default judgment (here it was actually larger by $200 than a default judgment would have been), eliminates a legal dispute upon which federal jurisdiction can be based.... You cannot persist in suing after you've won.

The defendant's offer of full relief therefore rendered this case moot, even though the plaintiff did not accept that offer.

■ The question then becomes what action should be taken to close this case: Should the case simply be dismissed, or should judgment be entered for the plaintiff in accordance with the offer? As indicated, courts have used each approach.

The defendant obviously prefers that the case just be dismissed (Doc. 58, pp. 4–6). Moreover, as it points out, this is the approach that Chief Judge Posner in *Greisz* seemed to indicate was appropriate. 176 F.3d at 1015.

Nevertheless, I fail to see how the plaintiff's claim could become moot if he does not receive any relief. There is certainly nothing in Rule 68 that supports a dismissal of the case without an award of the proffered relief.[5] Further, if this situation is analogous to a default judgment, as Chief Judge Posner said (and that analogy seems reasonable), then the proper step would be to enter judgment in accordance with the default. Notably, the defendant recognizes this approach and finds it to be an acceptable alternative (Doc. 58, p. 6).

Therefore, I recommend that the defendant's motion to dismiss (Doc. 39) be granted to the extent that judgment is entered in favor of the plaintiff in the amount of $1,200 plus a reasonable attorney's fee and costs.

---

**5.** While Rule 68 was the vehicle for the offer of judgment, that rule does not address the issue presented here. The question raised at this point is one concerning mootness, and not the application of Rule 68.

## IV.

■ After being served with the defendant's motion to dismiss, the plaintiff filed a motion to facilitate notice pursuant to 29 U.S.C. 216(b) (Doc. 42). The motion seeks (1) an order designating this case as a collective action, (2) court facilitation of notice to potential plaintiffs of the opportunity to join this lawsuit and (3) an order compelling the defendant "to produce a computer readable data file containing the names, addresses, Social Security and telephone numbers of such potential opt-ins so that notice may be implemented" (*id.*). The motion should be denied in all respects because the plaintiff has not satisfied the prerequisites for court facilitation of notice and the record lacks an evidentiary basis to designate this matter as a collective action or to compel from the defendant the confidential information of proposed potential plaintiffs.

■ The plaintiff, pursuant to § 216(b), seeks to have this court oversee notice of this lawsuit to potential plaintiffs. Nothing in § 216(b) refers to notice of a lawsuit or the court's authority to oversee such notice. Nonetheless, district courts have discretion, "under appropriate conditions," to implement § 216(b) by facilitating notice of the action. *Dybach v. State of Florida Dep't of Corrections*, 942 F.2d 1562, 1567 (11th Cir.1991). In this respect, the Eleventh Circuit has said that, before determining to exercise that power, "the district court should satisfy itself that there are other employees ... who desire to 'opt-in' and who are 'similarly situated'" to the plaintiff. *Id.* at 1567–68.

In this case, the plaintiff has failed to present evidence of any individual's interest in joining this lawsuit. To the contrary, the plaintiff admits that he does not know of anyone who wants to join this lawsuit (Doc. 52, p. 159). In fact, he acknowledges that he was unsuccessful in interesting two former colleagues to participate in this action (*id.* at pp. 154–58).

The plaintiff argues that evidence of other alleged FLSA violations is a reasonable basis for concluding that others will be interested in joining this lawsuit (Doc. 42, pp. 7–8). However, unsupported expectations that additional plaintiffs will subsequently come forward are insufficient to justify notice. *Haynes v. Singer Co., Inc.*, 696 F.2d 884, 887 (11th Cir.1983).

The plaintiff contends further that notice of this lawsuit must be provided to potential plaintiffs in order to determine whether there are others who desire to join this case (Doc. 42, pp. 2, 9). This same argument was properly rejected in *Santielices v. Cable Wiring, Inc.*, 1999 WL 1007807 (S.D.Fla.1999), based on the Eleventh Circuit's holding that a showing that others desire to opt-in must be made before notice is authorized.[6] *See Dybach v.*

---

**6.** The plaintiff asserts that, "[p]ursuant to Local Rule 4.04(e) of this Court, as well as other professional protocols, Plaintiff's counsel has not solicited participation from other putative plaintiffs but has instead relied upon the FLSA's provision for collective notice and representation in order to protect the interests of the putative class" (Doc. 41, p. 2). However, the FLSA does not contain a provision for collective notice. Furthermore, the plaintiff has not been precluded from communicating with potential plaintiffs. Thus, Local Rule 4.04(e), which forbade communication by parties or their counsel to solicit actual or potential class members who are not parties to the case, did not apply to § 216(b) collective actions. Rather, as the plaintiff acknowledged, it pertained to Rule 23 class actions. In any event, that rule expired in July 2002, affording the plaintiff ample time since then to solicit potential plaintiffs. Moreover, counsel has not identified any other professional protocol which precluded his solicitation of potential plaintiffs. Therefore, it is unpersuasive to suggest that court-facilitated notice must be relied upon to notify potential plaintiffs of this lawsuit.

*State of Florida Dep't of Corrections, supra,* 942 F.2d at 1567–68.

In short, the plaintiff has failed to show that any individual has expressed a desire to opt into this lawsuit. Therefore, it is inappropriate for the court to facilitate notice of this lawsuit. *Dybach v. State of Florida Dep't of Corrections, supra,* 942 F.2d at 1567–68.

■ Buttressing this conclusion is the overbroad class of individuals identified by the plaintiff as comprising the potential collective action (*see* Doc. 42, p. 10; Ex. A). In this connection, the plaintiff bears the burden of establishing that he and the others he wishes to represent are similarly situated with respect to job requirements and pay provisions. *Dybach v. State of Florida Dep't of Corrections, supra,* 942 F.2d at 1567; *Haynes v. Singer Co. Inc., supra,* 696 F.2d at 887.

Here, the plaintiff seeks authorization to send notice to "[a]ll persons who were employed by Kindred Hospitals East, L.L.C. (f/k/a Vencor Hospitals East, L.L.C) in the position of registered pharmacist on or about September 13, 1999 to present" (Doc. 42, Ex. A; *see also id.* at p. 10). This proposed class includes a diverse group of pharmacists with different titles and job duties distinct from, or unknown to, the plaintiff (*see* Doc. 52, pp. 45, 47, 88–9). Further, the proposed notice does not limit the potential plaintiffs to the defendant's St. Petersburg facility, or to the time period covered by the plaintiff's claim.

The defendant has raised substantial arguments to the scope of the proposed notice (Doc. 46, pp. 8–14). Consequently, before a notice could be authorized, the court would be required to expend a significant amount of time and effort to determine to whom it should be sent. In light of the fact that over an extended period of time the plaintiff has not located even one other person who is interested in joining this suit, that expenditure of time and effort is not warranted.

For these reasons, the request for a court-facilitated notice to potential plaintiffs should be denied.

Furthermore, this denial, coupled with the mootness of the plaintiff's claim, dooms the request for a computer-readable data file containing the names, addresses, telephone numbers, and Social Security numbers of potential plaintiffs. It is appropriate to add that, not only does the defendant assert that no such data file exists (Doc. 46, p. 18), but also the plaintiff's motion to compel discovery of "payroll records for all pharmacists for the period September 15, 1999 to the present" (Doc. 34), which was based upon the same evidentiary presentation and legal argument, has already been heard by this court and rejected (*see* Docs. 34, 44).

Finally, there is no basis for granting the plaintiff's request to certify this case as a collective action. There is only one plaintiff, and, as to him, the case is moot.

## V.

For the foregoing reasons, I recommend that the plaintiff's Motion to Strike Defendant's Offer of Judgment (Doc. 33) and Motion to Facilitate Notice Pursuant to 29 U.S.C. 216(b) (Doc. 42) be denied. The defendant's Motion to Dismiss (Doc. 39) should be granted to the extent that judgment should be entered in favor of the plaintiff in the amount of $1,200, plus a reasonable attorney's fee and costs.

Respectfully submitted.

### NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days from the date of its service shall bar an

aggrieved party from attacking the factual findings on appeal. 28 U.S.C. 636(b)(1).