[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 13, 2009
THOMAS K. KAHN
CLERK

------------------------------------

No. 08-12011
Non-Argument Calendar

------------------------------------

D.C. Docket  No. 07-22834-CV-PAS

LUISA E. SILVA,

Plaintiff-Appellant,

versus

GRANT MILLER,
JOYCE MILLER,

Defendants-Appellees.

------------------------------------------------------------------
Appeal from the United States District Court
for the Southern District of Florida
------------------------------------------------------------------
(January 13, 2009)

Before EDMONDSON, Chief Judge, BIRCH and DUBINA, Circuit Judges.

PER CURIAM:

Appellants J. H. Zidell, Esq. and J. H. Zidell, PA ("Zidell") appeal the attorney's fee awarded in an action brought under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., ("FLSA") on behalf of employee Luisa Silva. No reversible error has been shown; we affirm.

Silva was employed as a domestic-service employee by Defendants Grant and Joyce Miller. Zidell represented Silva in a minimum wage action. By fee agreement between Zidell and Silva, Zidell was to receive a contingency fee equal to the higher of 40% of the total recovery or an hourly rate based on $300.00 per hour.

The parties agreed to settle Silva's FLSA claims for $20,000 -- an amount stipulated to represent full compensation -- and sought dismissal of the case with prejudice without court approval of the settlement. Zidell argued before the district court that no court approval was required because the settlement provided (before payment of attorney's fees) that Silva recover all wages to which she was entitled. The district court concluded that FLSA and Eleventh Circuit precedent require that amounts paid under the settlement be reviewed to assure that the settlement constitutes a fair and reasonable resolution of the employee's claim. After review of the record and oral argument, the district court determined that $20,000 constituted a reasonable settlement amount; the court rejected Zidell's

2

claim to 40 per cent ($8,000) from that amount plus costs. The district court determined that a fair and reasonable recovery for Silva was $12,286; a reasonable attorney's fee of $7,714 (a fee award of $6,325 plus $1,389 in costs) was awarded to Zidell.

Attorney Zidell argues that (1) no judicial oversight of an FLSA settlement is appropriate unless the employee is proceeding pro se; (2) the district court enjoyed no authority to reduce the amount of attorney's fees under the contingency contract to which the employee had agreed; and (3) whatever judicial review might otherwise apply, no judicial review is applicable when the employee is represented by counsel and the parties stipulate that the employee is receiving full recovery under the facts of the case. We do not accept that FLSA contemplates or sanctions such broad exemption of FSLA settlements from judicial review.

We start with the language of the statute:

> Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. ... The court in [an action to recover under FLSA] shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.

3

29 U.S.C. § 216(b). The language of the statute contemplates that "the wronged employee should receive his full wages plus the penalty without incurring any expense for legal fees or costs." Maddrix v. Dize, 153 F.2d 274, 275-76 (4th Cir. 1946). See also, Skidmore v. John J. Casale, Inc., 160 F.2d 527, 531 (2nd Cir 1947) ("We have considerable doubt as to the validity of the contingent fee agreement; for it may well be that Congress intended that an employee's recovery should be net....").

As we noted in Lynn's Food Stores, Inc. v. U.S. ex rel. U.S. Dept. of Labor, 679 F.2d 1350, 1352 (11th Cir. 1982), FLSA provisions are mandatory; the "provisions are not subject to negotiation or bargaining between employer and employee." Id. Only two ways exist for the settlement or compromise of an employee FLSA claim: one is where an employee accepts payment supervised by the Secretary of Labor, id. at 1352-53; the other is pursuant to "a stipulated judgment entered by a court which has determined that a settlement proposed by an employer and employees, in a suit brought by the employees under the FLSA, is a fair and reasonable resolution of a bona fide dispute over FLSA provisions." Id. at 1354. On its face, Lynn's Foods suggests no exception to judicial oversight of settlements when the employee receives all wages due; it offers no support for

4

the even broader exception proposed by Zidell that would include all counseled settlements.

Zidell contends that Lynn's Food applies only when an FLSA claim is compromised. See Mackenzie v. Kindred Hospital East, L.L.C., 276 F.Supp.2d 1211, 1217 (M.D. Fla. 2003) ("Lynn's Food Stores addresses judicial oversight of 'compromises' of FLSA claims....There is no need for judicial scrutiny where, as here, the defendant represents that it has offered the plaintiff more than full relief, and the plaintiff has not disputed that representation."). We do not say what, if any, judicial oversight applies under Lynn's Food when full satisfaction of the FLSA claim is made; because FLSA directs the court to provide for payment of the employee's attorney's fees by the defendant, the $20,000 settlement as proposed by the parties -- from which attorney's fees were to be deducted -- necessarily involved a compromise of the FLSA claim.[1]

That Silva and Zidell entered into a contingency contract to establish Zidell's compensation if Silva prevailed on the FLSA claim is of little moment in the context of FLSA. FLSA requires judicial review of the reasonableness of

---

[1]As noted by the district court, the Settlement Agreement provided that Silva agreed to and understood that the Agreement compromised disputed claims. And the district court determined that the $10,611 recovery to Silva under the Settlement Agreement -- net after $8,000 for attorney's fees and $1,389 for costs -- fell below the range of reasonable recovery amounts. The Settlement Agreement set out a compromised claim within the meaning of Lynn's Food.

5

counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement. FLSA provides for reasonable attorney's fees; the parties cannot contract in derogation of FLSA's provisions. See Lynn's Food, 679 F.2d at 1352 ("FLSA rights cannot be abridged by contract or otherwise waived.") (quotation and citation omitted). To turn a blind eye to an agreed upon contingency fee in an amount greater than the amount determined to be reasonable after judicial scrutiny runs counter to FLSA's provisions for compensating the wronged employee. See United Slate, Tile & Composition Roofers v. G & M Roofing & Sheet Metal Co., 732 F.2d 495, 504 (6th Cir. 1984) ("the determination of a reasonable fee is to be conducted by the district court regardless of any contract between plaintiff and plaintiff's counsel"); see also Zegers v. Countrywide Mortg. Ventures, LLC, 569 F.Supp.2d 1259 (M.D. Fla. 2008).

The district court had a duty to review the compromise of Silva's FLSA claim and to award a reasonable attorney's fee to Silva's counsel. No reversible error has been shown.[2]

AFFIRMED.

---

[2]We understand Zidell's appeal to take issue with judicial review of the attorney's fees and the fact -- as opposed to the amount -- of reduction of the fee award.