**Patricia WALKER, on behalf of herself and all those similarly situated, Plaintiff,**

**v.**

**VITAL RECOVERY SERVICES, INC., Vital Solutions, Inc., and Christopher J. Shuler, Defendants.**

Civil Action No. 1:13–CV–0534–AT.

United States District Court, N.D. Georgia, Atlanta Division.

Signed June 18, 2014.

Marc N. Garber, Alan Howard Garber, The Garber Law Firm, P.C., Marietta, GA, for Plaintiff.

Daniel E. Turner, Beth A. Moeller, Ogletree Deakins Nash Smoak & Stewart, P.C., Atlanta, GA, for Defendants.

## *ORDER*

AMY TOTENBERG, District Judge.

This matter is before the Court on Plaintiff's Motion to Nullify and Strike Defendants' Rule 68 Offers of Judgment [Doc. 80].

**1.** The case was consolidated with *Smith v. Vital Recovery Services, Inc.,* Civil Action No. 1:13–cv–714 on June 25, 2013. The Court entered an Order approving Defendant's settlement with the Smith Plaintiffs on February 3, 2014.

**2.** Additionally, Plaintiff originally alleged a fourth damage theory for overtime hours paid at regular rate but agreed to drop this theory sometime in late July, 2013. (Doc. 80 at 5.)

**3.** The Joint Motion for Extension of time filed by the parties on November 22, 2013 indicates that

## I. BACKGROUND

Plaintiff filed her Complaint in this matter on February 19, 2013, asserting claims against Vital Recovery Services, Inc., Vital Solutions, Inc., and Christopher J. Shuler for unpaid overtime under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA").[1] The case was conditionally certified as a collective action by consent on June 13, 2013. Plaintiff was employed by Defendants as a debt collector, and along with other similarly situated employees, alleges three distinct theories of damages: (1) failure to include bonus payments in overtime calculation; (2) uncompensated off-the-clock work; and (3) falsification of plaintiff's time records.[2] As of November 15, 2013, more than 70 plaintiffs had opted in to the action.[3] (Doc. 80 at 5.)

Pursuant to a previously agreed-upon discovery stay, throughout October 2013 the parties were engaged in preliminary data and document exchange in hopes of arriving at a settlement agreement. (Doc. 78 at 2–3; Doc. 80 at 5.) Shortly before Thanksgiving, the parties jointly sought and were granted an extension of the discovery stay in order to "continue to exchange information regarding the opt-ins, and confer regarding a possible resolution of the matter which was granted." (Doc. 78 at 3.) On December 3, 2013, Defendants sent offers of judgment to 69 plaintiffs. (*Id.* at 8.) On December 20, 2013, Plaintiff filed Notices of Acceptance of Offers of Judgment on behalf of 25 opt-in plaintiffs, subject to the pending Motion to Nullify and Strike Defendants' Rule 68 Offers of Judgment and/or a *Lynn's Food* hearing.[4]

## II. ANALYSIS

Plaintiff seeks to nullify and strike 22 Offers of Judgment on the grounds that (1) the

a total of 77 plaintiffs had consented to joining in the action. (Doc. 78 at 2.) Plaintiff's Motion to Nullify and Strike Defendant's Rule 68 Offers of Judgment indicates that a total of 74 plaintiffs had opted into the suit. (Doc. 80 at 5.)

**4.** According to Plaintiff's counsel, twenty-two plaintiffs accepted the offers of judgment—many for $100—because "they are unemployed and desperate for any money they can find." (Doc. 80 at 9.)

offers of judgment compensate plaintiffs only for one out of three potential damages theories; and (2) without evidence as to the remaining two damage theories Plaintiff cannot make a reasoned and fair assessment of the offers.[5] Defendants counter that the clerk must automatically enter judgment pursuant to the filing of an offer of judgment accepted under Fed.R.Civ.P. 68, and that this Court lacks the discretion to strike such an offer.

■ There are only two routes for compromise of FLSA claims. "First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir.1982). Alternatively, employees' claims may be compromised in a private FLSA action for back wages only after the district court reviews the proposed settlement and enters "a stipulated judgment after scrutinizing the settlement for fairness." *Id.* The Eleventh Circuit recently reaffirmed in 2013 that a settlement by the parties of an FLSA claim "is valid only if the district court entered a 'stipulated judgment' approving it." *Nall v. Mal–Motels, Inc.*, 723 F.3d 1304, 1308 (11th Cir.2013). That same year, the Eleventh Circuit also clarified in an unpublished decision that *"Lynn's Food* does not stand for the proposition that any valid settlement of a FLSA claim must take a particular form. It only means that the district court must take an active role in approving the settlement agreement to ensure that it is not the result of the employer using its superior bargaining position to take advantage of the employee." *Rakip v. Paradise Awnings Corp.*, 514 Fed.Appx. 917, 919–920 (11th Cir. 2013) (citing *Lynn's Food*, 679 F.2d at 1354 ("[W]hen the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues ... that are actually in dispute[,] we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.")).

■ Defendant asserts, however, that the Eleventh Circuit's decision in *Lynn's Food* does not carve out an exception to entry of judgment pursuant to Fed.R.Civ.P. 68, which provides that,

> At least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued. If, within 14 days after being served, the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service. The clerk must then enter judgment.

Fed.R.Civ.P. 68(a). "The purpose of Rule 68 is to encourage the settlement of litigation." *Delta Air Lines, Inc. v. August*, 450 U.S. 346, 349–350, 101 S.Ct. 1146, 67 L.Ed.2d 287 (1981); *see also Utility Automation 2000, Inc. v. Choctawhatchee Elec. Co-op., Inc.*, 298 F.3d 1238, 1240 (11th Cir.2002). The Supreme Court has characterized a Rule 68 offer of judgment as a "formal settlement offer." *See generally, Delta Air Lines, Inc. v. August*, 450 U.S. 346, 101 S.Ct. 1146.

> Rule 68 prescribes certain consequences for *formal settlement offers* made by "a party defending against a claim." ... The Rule applies to *settlement offers* made by the defendant in two situations: (a) before trial, and (b) in a bifurcated proceeding, after the liability of the defendant has been

---

**5.** Plaintiff has not moved to nullify and strike the Offers of Judgment made to opt-in plaintiffs Siri Akenji, Godlove Benjamin, and Kwasi Dyson who do not join this motion, asserting that "their Rule 68 offers cover stale claims—thus making their settlements "fair and reasonable" under *Lynn's Food.*" (Doc. 80 at 1, n. 1.) Plaintiff seeks entry of judgment pursuant to the Rule 68 Offers of Judgment accepted by these individuals subject to a *Lynn's Food* hearing. (*See* Doc. 82.) In addition, Plaintiff notes that opt-in plaintiffs "Tameca Hatcher Shedhai, Shirley Cox, Lolita Logan, Balgis Ali, and Shaunika Jordan do not join this motion, as defendants made traditional settlement offers to them." (Doc. 80 at 1, n. 1.) Neither Plaintiff nor Defendant, however, submitted the Offers of Judgment and settlement agreements for these individuals to the Court for approval as required and are therefore **ORDERED** to do so within **FIVE (5) DAYS** of the entry of this Order.

determined "by verdict or order or judgment." In either situation, if the plaintiff accepts the defendant's offer, "either party may then file the offer ... and thereupon the clerk shall enter judgment." ... Rule 68 provides an additional inducement to settle in those cases in which there is a strong probability that the plaintiff will obtain a judgment but the amount of recovery is uncertain. Because prevailing plaintiffs presumptively will obtain costs under Rule 54(d), Rule 68 imposes a special burden on the plaintiff to whom a *formal settlement offer* is made. If a plaintiff rejects a *Rule 68 settlement offer,* he will lose some of the benefits of victory if his recovery is less than the offer.

*Id.* at 350, 352, 101 S.Ct. 1146. In describing Rule 68's operation in a non-FLSA action, the Eleventh Circuit stated, "[u]nlike traditional settlement negotiations, in which a plaintiff may seek clarification or make a counteroffer, a plaintiff faced with a Rule 68 offer may only accept or refuse ... the Rule encourages plaintiffs to accept reasonable offers through what is referred to as its 'cost-shifting' provision, which forces a plaintiff who refuses an offer and then ultimately recovers less at trial than the offer amount to pay the costs incurred from the time of the offer." *Utility Automation,* 298 F.3d at 1240–41.

Despite the apparent conflict between automatic entry of judgment of an accepted Rule 68 offer and the requirement in *Lynn's Food* of judicial approval of FLSA settlements, courts in this Circuit have held that Rule 68 offers of judgment are subject to judicial scrutiny. *See Dees v. Hydradry, Inc.,* 706 F.Supp.2d 1227, 1240, 1246–47 (M.D.Fla.2010) ("If presented in an FLSA action with a notice of settlement, a stipulation for dismissal, an offer of judgment, or the like, the judicial approval required by *Lynn's Food* and the public's right of access to a judicial proceeding compel the parties to file their agreement in the public docket of the district court. As an initial matter, the district court must determine whether the employee purports to compromise an FLSA right. If judicial scrutiny confirms that the parties' settlement involves no compromise, the district court should approve the settle-

ment and dismiss the case (if the employer has paid) or enter judgment for the employee (if the employer has not paid). If the parties' proposed resolution requires the employee to compromise an FLSA right, the district court must scrutinize the compromise for 'fairness.' "); *Norman v. Alorica, Inc.,* No. 11–00433–KD–C, 2012 WL 5452196 (S.D.Ala. Nov. 7, 2012) (DuBose, J.) ("Notably, although the motion is brought under Rule 68, pursuant to [*Lynn's Food* ], judicial review and approval of this settlement is still necessary to give it final and binding effect."); *Lynley Edwards, et al. v. Mattress Giant Corp.,* No. 1:10–cv–1735–HLM–WEJ (N.D.Ga. May 25, 2011), Doc. 66 (Johnson, Mag. J.) ("[W]hen presented with a Rule 68 offer of judgment that purports to compromise an FLSA right, the Court must scrutinize the compromise for fairness."); *Luna v. Del Monte Fresh Produce (Southeast), Inc.,* No. 1:06–CV–2000–JEC, 2008 WL 754452 (N.D.Ga. Mar. 19, 2008) (Carnes, J.) (applying *Lynn's Food* review and approval requirement to Rule 68 offer of judgment).

Defendants, however, assert that "because complete relief (and then some) has been offered to the opt-ins, there is no settlement or compromise of claims requiring court approval as in *Lynn's Food,*" relying on *Mackenzie v. Kindred Hospitals East, L.L.C.,* 276 F.Supp.2d 1211 (M.D.Fl.2003). (Resp. at 17–18.) In *Mackenzie,* the plaintiff moved to strike a Rule 68 offer that indisputably afforded him complete relief for his FLSA claims, arguing that the offer of judgment was inconsistent with the collective action protocols of the FLSA and the requirements established in *Lynn's Food. Id.* at 1216–17. The Magistrate Judge found that because *Lynn's Food* "addresses judicial oversight of 'compromises' of FLSA claims [and] [s]ince the plaintiff has been offered full compensation on his claim, this case does not involve a compromise. There is no need for judicial scrutiny where, as here, the defendant represents that it has offered the plaintiff more than full relief, and the plaintiff has not disputed that representation." *Id.* The Magistrate Judge further found that an offer of judgment of full relief was "obviously reasonable." *Id.* In adopting the Magistrate

Judge's recommendation that the motion to strike be denied and the complaint dismissed as moot, District Judge Merryday noted that,

> The result in this case undoubtedly would differ if the plaintiff offered some material evidence of other willing and similarly situated claimants. Of course, in all instances, the court should guard against a defendant's misuse of the procedure employed in this case. A dismissal for mootness is a tool to comply with jurisdictional limitations imposed by the Constitution of the United States and not a ploy for an agile defendant to escape compliance with the Fair Labor Standards Act.

*Id.* at 1213, n. 2.

■ Subsequently, in *Dees v. Hydradry, Inc.*, Judge Merryday revisited the *Mackenzie* decision, and clarified that *Mackenzie* does **not** stand for the broad proposition that "an employee's receiving 'full compensation' obviates the need for judicial scrutiny of an FLSA compromise." 706 F.Supp.2d at 1239. Rather, Judge Merryday declared that *Mackenzie* announced "an exceedingly narrow and patently obvious 'exception' to *Lynn's Food*," and "finds only that, after judicial inquiry confirms both "full compensation" and "no side deal" (in other words, the absence of compromise), no further judicial inquiry is necessary." *Id.* at 1240. Thus,

> [t]o the extent that the employee receives a full wage but relinquishes something else of value, the agreement (even if exhibited to the court as a stipulation for "full compensation" or an offer of judgment) involves a "compromise," and *Lynn's Food* requires judicial approval of the compromise.

*Id.* Moreover, the Eleventh Circuit has affirmed that "[o]n its face, *Lynn's Food* suggests no exception to judicial oversight of settlements when the employee receives all wages due." *Silva v. Miller*, 307 Fed.Appx. 349, 351 (11th Cir.2009); *see also Wolff v. Royal Am. Mgt. Inc.*, 545 Fed.Appx. 791, 794–95 (11th Cir.2013) (finding no reason to depart from *Lynn's Food*, which "directs a district court to enter a judgment after 'scrutinizing' for fairness a proposed settlement [purported to include full relief] entered into between the employee and the employer in an action brought for back wages under the FLSA."). Accordingly, the Court finds that Defendants' contention that the Offers of Judgment provide full relief does not exempt the offers from the Court's review to determine whether Plaintiff's FLSA rights have been abridged through compromise.

■ Each Offer of Judgment at issue here indicates that it is intended to compensate "for the full amount claimed by Plaintiff, including all actual, consequential, and liquidated damages, and reasonable costs and attorney's fees," and that the sum paid "is equal to or greater than the full amount of alleged compensation, including but not limited to any alleged bonus amounts not included in any overtime pay rate, hours worked but not recorded or paid, and any overtime hours, as well as liquidated damages...." (*See* Exs. to Doc. 81.) The Offers of Judgment further state that "[i]n addition to the payment to Plaintiff described above, Defendants will also pay the reasonable costs and attorney's fees that would be provided by the FLSA, to be determined by the Court, incurred through the date of this offer of judgment." (*Id.*) Thus, on its face each Offer of Judgment appears to offer each Plaintiff full relief for the claims asserted.

Plaintiffs contend, however, that although they purport to cover all claims made in the case, the Offers of Judgment compensate Plaintiffs only under a single damage theory for the failure to include bonus payments in overtime calculations. The Court cannot determine whether complete relief has been afforded under the various damage theories asserted by Plaintiff in this lawsuit, based on the letter accompanying the Offers of the Judgment that were served by Defendants on December 3, 2013, and the arguments made in Defendant's brief in opposition to the motion to strike. The letter provides:

RE: *Patricia Walker v. Vital Recovery Services, Inc., Vital Solutions, Inc., and Christopher J. Shuler*; Civil Action No. 1:13-cv-00534-AT (N.D. Ga.)

Dear Alan:

Enclosed please find an Offer of Judgment for plaintiffs and opt-in plaintiffs in this action, made pursuant to Fed. R. Civ. P. 68.

The Offers of Judgment are intended to compensate each individual for all allegations made in this case. The amount to compensate for the claims regarding miscalculation of overtime pay for failure to include bonus payments was calculated using the formula set forth in 29 C.F.R. § 778.120(a). These Offers of Judgment offer each plaintiff more than each would be able to recover in this action, plus reasonable attorneys' fees and costs to be determined by the Court. To allow you and your clients to consider the merits of our client's offers, we have also provided for your review all necessary pay and time records. To account for all of the allegations, including the claim the plaintiffs are also entitled to liquidated damages, the Offers of Judgment double the amount of any possible recovery.[1] Additionally, the amounts offered encompass the three years prior to each individual's filing of a consent to join form in this action.

In order to account for any discrepancy in the bonus calculations and to compensate the plaintiffs and opt-ins for all other allegations, the offer amounts were then increased by at least $25.00 per person. For persons whose bonus calculation amounts fell below $100.00, Defendants rounded the offer amount up to at least $100.00. Additionally, as evidenced by the pay records produced, numerous opt-ins are not entitled to any additional bonus overtime amounts because they did not earn commission or bonus payments during the three years prior to joining this action. However,

---

[1] As we have discussed, Vital Solutions vehemently denies that liquidated damages are appropriate given its reliance on a third-party human resources organization. The same is true for the application of the three-year statute of limitations, as opposed to a two-year statute of limitations.

---

Alan H. Garber, Esq.
December 3, 2013
Page 2

Ogletree
Deakins

to compensate those individuals for any possible claimed damages, Defendants offer judgment to these individuals in the amount of $100.00.

If you would like to discuss further how Defendants arrived at the amounts offered to each plaintiff and opt-in, please do not hesitate to contact me.

Sincerely,

Daniel E. Turner

Enclosures

(Doc. 80-1.)

Additionally, Defendants contend in their opposition brief that their "investigation establishes that to the extent there was any off-the-clock work, it was *de minimis*, entitling the opt-ins to very little, if any, additional compensation." (Doc. 87 at 7, n. 7). Prior to and in conjunction with making the Offers of Judgment, Defendants provided

Plaintiff with pay and time records and a "spreadsheet detailing the calculations for the bonus claims portion." (*Id.* at 7.) Defendants, have not, however provided to Plaintiff the data compilations used to calculate the bonus payments included in the spreadsheet.[6] According to Plaintiff, without the raw data, Plaintiff cannot determine whether the Offers of Judgment represent a fair and rea-

6. While irrelevant for purposes of the Court's determination here, the Court notes that the parties disagree as to the reason why the requested documents were not provided. In sum, the par-

ties disagreed over the terms of a consent protective order and when those negotiations failed, Defendants served their Offers of Judgment.

sonable settlement of the FLSA claims. The Court has been provided with no backup documentation demonstrating the monetary basis for the settlement offers.

In light of the absence of such documentation and in light of Plaintiff's objections that Defendants have provided no evidence to support the bonus calculations or any estimate as to the basis for the remaining two damage theories (off-the-clock time and falsification of records), the Court agrees the record is presently insufficient to perform the judicial review required by *Lynn's Food*. See *Nall*, 723 F.3d at 1308 (vacating magistrate judge's approval of FLSA settlement despite plaintiff's counsel objection, and noting that, while *"Lynn's Food* did not define the term 'stipulated judgment,' . . . it takes two (or more) to stipulate, and a judgment to which one side objects is not a stipulated one"); *Dees*, 706 F.Supp.2d at 1241–42 (holding that "the parties requesting review of an FLSA compromise must provide enough information for the court to examine the bona fides of the dispute [and] [i]f the parties dispute the computation of wages owed, the parties must provide each party's estimate of the number of hours worked and the applicable wage"); *Luna*, 2008 WL 754452, at *12 (striking offers of judgment made where there was "absolutely no basis for determining whether the offers are fair and reasonable [when] [t]he parties have not conducted any merits discovery or provided even an estimate as to the amount plaintiffs might be entitled to recover on their FLSA [claims]"). Accordingly, the Court **GRANTS** Plaintiff's

request that all of Defendant's Rule 68 Offers of Judgment (both accepted and unaccepted[7]) be held null and void and orders them stricken from the record. The Court **RESERVES RULING** on the remaining relief sought by Plaintiffs.[8] The Court will hold a telephone conference with the parties on July 1, 2014 at 11:00AM to discuss whether they wish to proceed with limited discovery related to the damage calculations prior to the Court's holding a hearing pursuant to *Lynn's Food*.

## III. CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART** Plaintiff's Motion to Nullify and Strike Defendants' Rule 68 Offers of Judgment [Doc. 80] as set forth herein. The Court ORDERS the parties to submit the Offers of Judgment served on Siri Akenji, Godlove Benjamin, and Kwasi Dyson and the settlement agreements for Tameca Hatcher Shedhai, Shirley Cox, Lolita Logan, Balgis Ali, and Shaunika Jordan to the Court for approval within FIVE (5) DAYS of the entry of this Order. The Court will hold a telephone conference with the parties on July 1, 2014 at 11:00AM to discuss the remaining issues outlined in this Order.

---

7. The Court finds it necessary to strike the unaccepted offers in light of the consequences of rejection under Rule 68 leaving the opt-in plaintiffs open to the risk of paying Defendants' costs incurred after the offers were made, should the plaintiffs ultimately recover less than his or her offer amount.

8. Specifically, Plaintiff requested the following additional relief:
(ii) The Court order all 22 accepted Rule 68 offers stricken, subject to reacceptance on the terms set forth in No. (iii);
(iii) The Court allow any previously accepted but now-void offer to be reaccepted, and thus effectively reissued, for 14 days after plaintiffs

certify to the Court that they have received and analyzed defendants' evidence probative of plaintiffs' off-the-clock and false records damage theories, and non-reacceptance keeps the offer void; and
(iv) The Court order that a letter be sent, at defendants' expense, to all 65 plaintiff-movants stating that the Court has held the offers to be null and void, and anyone who previously accepted an offer may reaccept the offers of judgment on the same terms previously offered by a date to be determined or, if they decline to do so, the offers will be declared null and void. (Doc. 80 at 18.)